[No. 10960. Department One. June 10, 1913.]

ANNA WHITE, *Appellant*, v. JOHN McDOWELL, *Respondent*.[1]

DIVORCE—CUSTODY AND SUPPORT OF CHILDREN—MODIFICATION OF DECREE—EVIDENCE—SUFFICIENCY—PARENT AND CHILD. A decree of divorce, which awarded the custody of a child of tender years to the mother, with provisions for support, having been modified, in 1904, upon the mother's remarriage to a prosperous farmer, so as to relieve the father from payments for support, should not, eight years later, be again modified to compel the father to support and educate the child, where conditions had not materially changed, he had remarried and has a child of his own, and the stepfather is able and willing to provide support as in the past; the duty of a stepfather to support his stepchildren being something more than a mere charity.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered October 31, 1912, denying an application for the modification of a decree of divorce, as to provisions for the support of a child. Affirmed.

[1]Reported in 132 Pac. 734.

*Frank H. Kelley* and *Ralph Woods*, for appellant.
*Bates, Peer & Peterson*, for respondent.

MOUNT, J.—This proceeding was instituted in the lower court to require the defendant to provide for the support and education of his minor daughter. Upon a hearing the trial court denied the petition, and the petitioner has appealed from that order.

It appears that, in the year 1903, the petitioner, Anna White, and the defendant, John McDowell, were husband and wife. On December 17, 1903, the superior court of Pierce county granted a divorce to the petitioner, and by the decree gave the custody of the minor daughter, then between four and five years of age, to the petitioner. It was ordered that the defendant pay to the petitioner fifteen dollars per month for the support of the said child. By the same decree, the defendant was awarded the custody of an older daughter, then about twelve years of age. These two children were the only surviving children of the parties. More than six months after the decree, the petitioner married J. S. White, a prosperous farmer residing in Okanogan county. About a year after the decree, and on October 24, 1904, the defendant, John McDowell, filed a petition in the divorce case to modify the decree which ordered him to pay fifteen dollars per month for the support and maintenance of his minor daughter under the control of her mother. Upon a hearing of that application, the court modified the decree in accordance with the motion therefor.

In February, 1912, this petition was filed by the mother asking the court to require the defendant to provide for the support and education of the younger daughter. Upon the trial of the issues made by the petition and answer, the trial court concluded that there had been no material change in the condition of the parties, and for that reason refused to further modify the decree in the divorce case. It appears that, since the modification made in the year 1904, the de-

fendant has remarried and has one child by his second wife; that he is in comfortable circumstances, having a salary of $200 per month. It also appears that the older daughter, awarded to the defendant, has since that time become of age, is married and has a home of her own.

It is argued by the appellant that it is the natural and legal duty of the father to provide for his children, and the fact that the mother of his children has remarried does not relieve him of that obligation. This is no doubt true. It is also argued that the condition of the parties has materially changed since the divorce was granted, and since the modification of the decree was made in the year 1904, and that, therefore, the defendant should be required to provide for the support of his minor daughter. There can be no doubt, under the evidence, that the children have grown older, and that conditions have changed to some extent. But we are satisfied from reading the evidence that there has been no material change in the condition of the parties such as to demand a modification of the decree. At the time the modification was made in 1904, the petitioner was married to her present husband, who was a substantial and prosperous farmer. Her child at that time was of tender years, between five and six years of age, and it no doubt required the care and attention of its mother. The older child since that time has become of age, is married, and caring for herself without the intervention of her father. The defendant has also remarried and has a child by his second wife. Further than this, there is no substantial change in the condition of the parties. There is some evidence in the record to the effect that the condition of the health of the petitioner is not good, but she testified that it was not good at the time the modification was made in 1904. Her health is practically in the same condition now as it was at that time. Her financial condition is practically the same now as it was at that time.

It is urged by the appellant that her husband, not being the father of her child, is under no obligation to support the

child, and that she has no means of her own with which to provide for it. In *McGill v. McGill*, 67 Wash. 303, 121 Pac. 469, in considering a case where a divorced husband refused to furnish money for the support of his child as required by the decree, where the wife had remarried, we said:

"We cannot recognize charity, however willingly bestowed, as a legal substitute for the natural duty of a parent to maintain his minor child;"

which was at least an intimation that the support of a stepfather is in the nature of a charity. That, however, was said with reference to a case where the natural father was seeking to avoid an order of the court requiring him to pay for the maintenance of his own child. We are satisfied that there is a duty upon a stepfather to support the minor children of his wife by a former husband, and that this duty is something more than mere charity. The husband of petitioner is not seeking to avoid responsibility in this respect. His evidence shows that he is willing to and does provide for the child, and the evidence shows that he is able to do so. The welfare of the child is the principal matter to be considered. The trial court, after hearing all the parties and seeing their demeanor upon the witness stand, concluded that the decree in the original divorce case should not now be disturbed. We are not convinced that the court was wrong. The judgment of the court is therefore affirmed.

Crow, C. J., Parker, Chadwick, and Gose, JJ., concur.