[No. 19243. *En Banc.* December 8, 1925.]

STELLA WAUGH, *Respondent*, v. JOHN WAUGH, *Appellant.*[1]

[1] DIVORCE (83)—DISPOSITION OF PROPERTY—CONCLUSIVENESS OF IN-
TERLOCUTORY DECREE. An interlocutory decree of divorce award-
ing monthly alimony is final in that respect, although it was not
confirmed as required by Rem. Comp. Stat., § 988-1, by the final
decree, which merely granted a divorce; in view of Id., § 988,
which requires the interlocutory decree to make all necessary
provisions for alimony, costs, custody, division of property and
support, and provides that the same shall be final as to the
"custody, management and division of property" (TOLMAN, C. J.,
and MITCHELL, J., dissenting).

Appeal from a judgment of the superior court for Kittitas county, Davidson, J., entered March 16, 1925, upon findings in favor of the plaintiff, adjudging defendant in contempt for failing to pay alimony, after a trial to the court. Affirmed.

[1]Reported in 241 Pac. 299.

*E. K. Brown,* for appellant.

*Geo. E. Canfield,* for respondent.

PARKER, J.—This is an appeal from an order of the superior court for Kittitas county adjudging appellant, John Waugh, to be in default in payment of periodical alimony awarded against him in favor of respondent, Stella Waugh, for the support of herself and children, by the terms of an interlocutory order declaring her to be entitled to a decree of divorce from him. Our problem is as to whether or not appellant is wholly absolved from payment of such award of alimony, after the entry of the final decree of divorce, because of the failure of the final decree in express terms to confirm the award of alimony made by the interlocutory order.

Following the trial of the divorce action upon the merits, the trial court found and concluded, among other things, in substance, that there were two minor children of the parties; that respondent was the proper person to have the custody of them; that appellant was an able-bodied railroad employee, earning $175 per month; and that $50 a month was a reasonable amount to be allowed respondent as alimony for the support of herself and the children. An interlocutory order adjudging respondent to be entitled to a divorce from appellant and awarding her alimony in substance as found and concluded by the court, was entered on October 11, 1923. More than six months thereafter, the court entered its final decree of divorce which, after appropriate introductory recitals, reads as follows:

"Now therefore, on motion of plaintiff, it is ordered, adjudged and decreed that the bonds of matrimony heretofore existing between plaintiff and defendant be, and the same are hereby, dissolved and annulled."

This quoted language is the whole of the final decree apart from its introductory recitals. It is periodical

alimony in terms awarded by the interlocutory order, falling due after the entry of the final decree of divorce, that appellant had not paid, and as to which the order here appealed from adjudges him to be in default and liable to make payment thereof.

The provisions of our divorce procedure statute, with which we are here concerned, referring to sections of Remington's Compiled Statutes, read as follows:

"§ 988. Pending the action for the divorce, the court, or judge thereof, may make, and by attachment enforce, such orders for the disposition of the persons, property and children of the parties as may be deemed right and proper, and such orders relative to the expenses of such action as will insure to the wife an efficient preparation of her case, and a fair and impartial trial thereof; at the conclusion of the trial the court must make and file findings of fact and conclusions of law. If it determines that no divorce shall be granted final judgment must thereupon be entered accordingly. If, however, the court determines that either party, or both, is entitled to a divorce an interlocutory order must be entered accordingly, declaring that the party in whose favor the court decides is entitled to a decree of divorce as hereinafter provided; which order shall also make all necessary provisions as to alimony, costs, care, custody, support and education of children and custody, management and division of property, which order as to the custody, management and division of property shall be final and conclusive upon the parties subject only to the right of appeal; but in no case shall such interlocutory order be considered or construed to have the effect of dissolving the marriage of the parties to the action, or of granting a divorce, until final judgment is entered:  . . . "

"§ 988-1. At any time after six months have expired, after the entry of such interlocutory order, and upon the conclusion of an appeal, if taken therefrom, the court, on motion of either party, shall confirm such order and enter a final judgment granting an absolute divorce, from which no appeal shall lie."

It is contended in behalf of appellant that, since the final decree does not in terms confirm the award of alimony which was made in the interlocutory order, such award ceases to be of any effect beyond the date of the entry of the final decree of divorce. It is argued that, since the language of § 988 is that the "order as to the custody, management and division of the property shall be final," and is silent upon the question of the order as to alimony being final, such order as to alimony becomes only interlocutory in the sense of being an order *pendente lite* expiring by limitation upon the entry of the final decree, unless in express terms confirmed by the final decree.

[1] We do not think this is the legislative intent evidenced by these two sections, when all their parts are read and considered together. It is apparent, we think, that the question of permanent alimony for the support of the divorced wife and children is intended to be finally tried upon the trial of the main divorce action and determined then once for all, except as such determination may be subject to modification thereafter in the light of a showing of subsequent changed conditions. It seems to us that the reason the legislature did not, in express terms, provide for the alimony and custody of children award being final by the interlocutory decree, was an intent to recognize the general well-recognized rule that such awards are not final in the sense that they are beyond modification in the light of subsequent changed conditions. Manifestly, the real and only purpose of the legislature in prescribing for the delay for a period of six months after the entry of the interlocutory order for the entry of the final decree of divorce, was for the purpose of putting up an absolute and sure bar to remarriage of either of the parties to third parties within that period.

Looking to the spirit of the law, as well as its letter, we conclude that the final decree of divorce here rendered, though containing no express words of confirmation of the award of alimony for the support of respondent and the children made by the interlocutory order, is, in legal effect, an automatic confirmation of that award, leaving it in full force and effect until a possible modification thereof by the court upon a showing of subsequent changed conditions.

The order appealed from is affirmed.

Fullerton, Main, Holcomb, Askren, and Mackintosh, JJ., concur.

Tolman, C. J. (dissenting)—While I am in sympathy with the results reached by the majority, yet the statute as I read it is so plain and unambiguous that those results, though proper in themselves, are the result of judicial legislation rather than the act of the legislature.

In addition to the sections of the statute quoted, we must consider also § 989, Rem. Comp. Stat., a prior enactment, but unmodified and unrepealed, which provides:

"In granting a divorce, the court shall also make such disposition of the property of the parties as shall appear just and equitable, having regard to the respective merits of the parties, and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens imposed upon it for the benefit of the children, and shall make provisions for the guardianship, custody and support and education of the minor children of such marriage."

When the clear, plain and particular language of § 988:

"  .   .   . which order shall also make all necessary provisions as to alimony, costs, care, custody, support

and education of children and custody, management and division of property, which order as to the custody, management and division of property shall be final and conclusive upon the parties subject only to the right of appeal; . . . "
is considered in connection therewith, the whole, in my judgment, shows a clear intent on the part of the legislature to make final only that part of the interlocutory order covering the custody, management and division of the property of the parties, and to require all other features which may be touched upon in the interlocutory order to be confirmed by the final decree as provided by § 988-1. Giving to the language used its ordinary meaning, and considering the direct requirement of confirmation in § 988-1, I see no escape from that conclusion. If the matter were finally disposed of by the interlocutory decree, then no confirmation would be necessary. To confirm is to ratify, to consummate, to make valid and binding that which was before voidable; and that meaning is so well understood by all as to be beyond question and require no citation of · authority.

I am forced to the view that the alimony provisions of an interlocutory decree cease to have any effect when a final decree is entered, unless confirmed by that decree as the statute in plain terms requires.

I therefore dissent.

MITCHELL, J., concurs with TOLMAN, C. J.