[No. 25967.   Department Two.   April 17, 1936.]

NONA TRUSLEY, *Appellant*, v. CLIFFORD TRUSLEY, *Respondent*.[1]

*D. V. Morthland* and *Harry L. Olson,* for appellant.

BEALS, J.—For several years, Nona and Clifford Trusley were husband and wife.  Three children were born to them—Evelyn, Clifford and Mirl, who were, during the month of January, 1935, respectively, five, four, and two and one-half years of age.

Mrs. Trusley having brought suit for divorce, the cause was heard September 29, 1934, before the superior court for Yakima county.  Findings of fact and conclusions of law were entered January 26, 1935, fol-

[1]Reported in 56 P. (2d) 676.

24

lowed by an interlocutory order dated February 23, 1935, and filed March 1st following. The court granted Mrs. Trusley a divorce on the ground of cruelty, divided the property between the parties, and awarded the custody of the children to the mother; the defendant to have the right to visit his children at all reasonable times, and also to

". . . have the right to take the children to his farm in Yakima or Benton Counties in Washington and keep the said children with him during the month of July of each and every year, but he shall have with him at his home his mother or some other suitable woman living there with him during the time to take care of said children during the time that he has said children with him, during July of each year.''

The defendant was ordered to pay twenty dollars each month for the support of the three children, the court retaining jurisdiction of the case.

During the month of June, 1935, Mrs. Trusley filed in the superior court her petition, asking that the interlocutory order be modified by striking therefrom the provision giving to defendant the right to take the children to his farm during the month of July of each year. In her petition, Mrs. Trusley alleged that the children were in her custody; that Mr. Trusley was living in a small three room house on a ranch in Benton county; that his home was an unfit place to which to take the three little children during the month of July, or any other time; that the defendant and his mother were not fit persons to have the custody and control of the children; that Mr. Trusley was filthy in his personal habits; that he indulged in intoxicating liquor to excess; that he used foul language in the children's presence; that he had no affection for the children and had made threats against them; that the water supply on Mr. Trusley's ranch is impure and unfit for use by children; and that the children should

not be allowed to live in the home maintained by Mr. Trusley. The petition to modify was heard by a judge other than the judge who heard the divorce case, and after a hearing, the court entered an order denying the petition to modify the interlocutory decree, from which order the petitioner has appealed.

Appellant assigns error upon the refusal of the trial court to admit testimony which she offered as to occurrences which had taken place prior to the entry of the interlocutory order, and also complains of the denial of her petition.

In the divorce case, the trial court found:

"(8) That ever since the marriage of the parties hereto, the said defendant has shown no love or affection for the plaintiff; that said defendant refused to provide medical attention for the plaintiff and said minor children; that said defendant repeatedly gets drunk and has repeatedly threatened to kill plaintiff and their children; that he has failed to provide fuel in the winter time; that he has called plaintiff vile names and cursed and swore at her and called the children 'hammer-heads', and got drunk and made indecent exposures of himself. That said acts have caused the plaintiff to be sick in body and nervous, and she can no longer live with him as his wife.

"(9) That plaintiff is a fit and proper person to be awarded the care, custody and control of the minor children of the parties, and the defendant is not."

Upon the hearing on the petition to modify the interlocutory order, appellant offered evidence concerning the habits and character of respondent, contending that his actions in the past were competent evidence as to what his future conduct would probably be. The court refused to admit much of this evidence, holding that petitioner must show a changed condition in the circumstances of the parties, and that evidence as to the conduct of respondent prior to the entry of the interlocutory order was inadmissible.

In a judicial hearing concerning the custody of minor children, such a matter, of course, necessarily involving the vital welfare of the children, the superior court, while not sitting as a court of review on prior orders entered in the matter, can hear and consider any evidence which will aid the court in entering such an order as it appears will result in the greatest benefit to the children, their welfare being at all times the paramount consideration. *White v. McDowell,* 74 Wash. 44, 132 Pac. 734; *Beers v. Beers,* 74 Wash. 458, 133 Pac. 605; *MaGill v. MaGill,* 133 Wash. 597, 234 Pac. 273. Little children should not suffer because, in an action for divorce between the parents, evidence which should have been presented was not forthcoming. In the case at bar, we are satisfied from the record as made that the trial court erred in denying appellant's petition. Consequently, any error which may have been committed by the trial court in refusing to admit evidence offered by appellant need not be considered.

According to a recital in the interlocutory order, the divorce case was contested, Mr. Trusley having appeared therein in person and by counsel, and consequently the findings of fact entered by the trial court imply more than had such findings been entered upon the *ex parte* evidence of one party only after the entry of an order of default.

From the evidence, it appears that appellant and her children are living with her parents in the city of Yakima, enjoying the comforts of a good home. It does not appear that respondent was ever denied the privilege of seeing his children when he visited Yakima, and apparently he took them with him to theaters and other places without hindrance from appellant. Appellant did testify that, on these occasions, respondent permitted at least one of the children to

eat improper food, which resulted in sickness, but apparently respondent was permitted to see his children at his pleasure.

Consideration of the question here presented properly begins with the findings of fact entered by the trial court. These findings are not at all favorable to respondent's contention as urged below, to the effect that he should have all of the children with him during the month of July of each year. The court which heard the divorce case expressly found that appellant is a fit and proper person to have the custody of her children, and that respondent is not.

To remove three very young children from the comfortable home which they occupy with their mother and their grandparents, and to send them for a month during the summer to a farm where they will be under the care of their paternal grandmother, with such assistance as can be rendered by their father, who is, of course, busily occupied with his farm, involving necessarily change in diet and various household conditions, is a very serious matter. Respondent's mother is well nigh a stranger to the children. Respondent's home consists of three rooms only. Two beds only are available for the grandmother and the three children, respondent and his hired man to occupy quarters in the detached bunk house. While respondent testified that, just prior to the hearing on appellant's petition to modify, he had had his cistern cleaned and filled with pure, wholesome water, we are satisfied from the evidence that, for some time prior thereto, the condition of the cistern and its surroundings was such that water therefrom could be drunk only with considerable risk to the health of the drinker. Conditions in and around respondent's home were evidently not such as would be conducive to the welfare of three young children.

We pay no attention to testimony introduced by appellant to the effect that the children did not want to visit their father, as such an attitude on their part might well be but a reflection of the attitude of the older people of the household. Whether intended or not, the unfriendly attitude of respondent and his mother toward appellant and her family would be very likely to have its effect upon the children, because of their extreme youth, and it might well require some time and effort on the part of appellant to establish the same measure of discipline and control over her children that had prevailed prior to such a visit as is contemplated by the court's order.

It is true that courts should do everything possible to encourage and foster the love of both parents for their children, and of the children for both parents. This is a vital element in the child's welfare. Respondent asserts that he loves his children and wants them with him. This sentiment is praiseworthy and to be encouraged in every possible way.

We are convinced, however, from the record in this case, that the welfare of the children will be best served by modifying the interlocutory order by striking therefrom the provision to the effect that the children shall spend each July with their father. Respondent's home is certainly not fitted to entertain three children. Doubtless there are times and seasons during which one of the children could visit respondent, with the reasonable probability that such a visit will result only in good to all parties concerned. Such matters should generally be arranged by mutual agreement of the parties, who for the sake of the children should cheerfully make reasonable concessions one to the other. As the children grow older, such visits may become more frequent and of longer duration. Of course, if the parties cannot agree, the

courts are always open to them, and will from time to time make such orders as the children's welfare requires.

The order appealed from is reversed, with instructions to the trial court to modify the interlocutory order by striking therefrom the provision to the effect that the children shall spend the month of July of each year with respondent.

MILLARD, C. J., BLAKE, and MAIN, JJ., concur.

HOLCOMB, J., concurs in the result.