[No. 31363.   Department Two.   March 1, 1951.]

VIOLET E. ALLEN, *Respondent,* v. GEORGE B. ALLEN, *Appellant.*[1]

[1]Reported in 228 P. (2d) 151.

*Frederick B. Cohen* and *John E. Bowen,* for appellant.

*Bryan & Merkel,* for respondent.

ROBINSON, J.—This case involves an application for modification of an order in an interlocutory decree of divorce made with reference to the custody of a minor child.

It appears from the record that the parties herein were married in 1940. A daughter was born of this marriage in 1943. In 1946, the parties were separated, and, in 1948, respondent brought an action for divorce, asking, in her complaint, that custody of the child be awarded to her. The cause was heard before the Honorable H. G. Sutton, judge of the superior court in and for Kitsap county. The provisions of Judge Sutton's decree relating to the custody of the child read as follows:

"ORDERED, ADJUDGED AND DECREED that the parties hereto are fit and proper persons to have the care, custody and control of the minor child of the parties, namely, Amy Louise Allen, and that until the said child attains school age, each of the parties shall have custody of said child for a period of six months, and that the defendant should have the care, custody and control of said child for a period of six months commencing June 1, 1948, and that the plaintiff is hereby granted the care, custody and control of said child for a period of six months commencing December 1, 1948, and that said custody shall alternate thereafter until said child attains school age, at which time defendant is granted the care, custody and control of said child during school periods, and the plaintiff is granted the care, custody and control of said child during the vacation periods; provided however, that the Superior Court of the State of Washington for Kitsap County shall retain jurisdiction of the above matter for the purpose of determining all future questions regarding the welfare and custody of said minor child; . . ."

In December, 1948, the parties met and stipulated that the child should be regarded as having come within school age at the commencement of the school term in September, 1949. It was further stipulated that respondent should have custody of the child until July, 1949, at which time she

agreed to peaceably surrender the child and her personal effects to the appellant. Judge Sutton confirmed the terms of this stipulation by an order issued December 20, 1948.

On June 10, 1949, Judge Sutton signed a final decree granting the respondent a divorce from the appellant, and ratifying and confirming the interlocutory decree, as modified by the order of December 20, 1948. In the meantime, under the impression that the final decree of divorce had already been entered, respondent had remarried a Mr. Bjorgen, a step which the testimony indicated she had planned to take for some time. It appears to be undisputed that this error was an entirely honest one, and no significance need be attached to it here.

On June 14th, respondent verified her petition for modification of the interlocutory decree, as amended. In her petition, she alleged certain changed conditions, principal among which were her remarriage and the fact that she was, as she asserted, then able to provide a home for the child and to devote her full and undivided attention to her. Appellant demurred to this petition, on the ground that it did not state facts sufficient to warrant the relief claimed, and moved to strike certain allegations contained therein. Judge Sutton overruled the demurrer and denied the motion to strike, to both of which actions appellant duly reserved exceptions.

The matter came on for hearing before the Honorable Max Church, acting as visiting judge. At the conclusion of the testimony, he rendered an oral opinion awarding the custody of the child to respondent, her mother, with permission to appellant to have her in his care for one weekend each month, and for the month of August each year. Thereafter appellant filed a motion for reconsideration of the decision, or, in the alternative, for a new trial, which was denied by the court. On September 21st, an order modifying the interlocutory decree was entered, and it is from this order that an appeal has been taken.

Appellant's first contention is that the trial court erred in overruling his demurrer to the petition for the modifica-

tion of the decree. It is true that we have held that, ordinarily at least, such a petition should allege a change of circumstances and conditions since the entry of the last order fixing the custody of the child or children involved. *White v. White,* 24 Wn. (2d) 52, 163 P. (2d) 137; *Schorno v. Schorno,* 26 Wn. (2d) 11, 172 P. (2d) 474. Appellant argues that the last order affecting the custody of the child was the final decree which confirmed and ratified the interlocutory decree, as modified; and that the petition alleged no change in the condition of the parties occurring during the four days which elapsed between the entry of that decree, June 10, 1949, and the date of the petition, June 14, 1949. Respondent, on the other hand, takes the position that the last order relating to the custody of the child was the interlocutory decree, signed by the court on June 14, 1948, and clarified as to its meaning on December 20, 1948.

We are inclined to agree with respondent. As the term implies, a final decree does no more than make the interlocutory decree final. It completes the process of divorcing the parties. All ancillary questions, relating, for example, to the disposition of property and the custody of children, are settled upon the entry of the interlocutory decree. From that time on, decisions on these matters operate as final, appealable orders. See *Waugh v. Waugh,* 137 Wash. 7, 241 Pac. 299. In the present case, respondent's petition not only alleged the fact of her remarriage, but described in detail the change which this had brought about in the condition of her home and in her ability to give proper care to the child. Since all of these changes admittedly took place after the entry of the interlocutory decree, and of the subsequent order modifying it, the trial court was correct in denying the demurrer to the petition.

Nor are we impressed with the contention that the trial court erred in refusing to strike certain of the paragraphs contained in the petition. We need not quote these paragraphs or discuss them in detail. Suffice it to say that all of them referred either to the condition of the parties at the time of the interlocutory decree, or to the change in

those conditions which had taken place at the time of the filing of the petition. They were all material; and, if each and every one of the allegations contained therein was not borne out by the evidence subsequently adduced at the hearing, it goes without saying that that fact could not have justified striking them at the outset of the case.

Appellant's principal contention is that the evidence did not warrant the change of custody made by the trial court. The principles which must govern our decision on this question have been set forth in numerous cases, from one of which we may quote:

"In such cases as this, there are three major elements which are always accorded great weight: First, in all cases, the welfare of the child or children concerned is the primary consideration; second, that, in awarding the custody of young children, the mother, if she desires the custody of her children, unless morally or physically unfit, is generally given such custody for reasons which we have repeatedly stated; third, this court, in considering appeals from orders such as is now before us, accords great weight to the decision of the trial court which had the benefit of hearing the witnesses, in most cases, of seeing the children in question, and of obtaining a general trial atmosphere, none of which advantages this court enjoys." *Schorno v. Schorno,* 26 Wn. (2d) 11, 19, 172 P. (2d) 474.

Appellant is, of course, quite correct in asserting that none of these rules, with the possible exception of the first, is absolute, and that each case must be decided upon its own peculiar facts. *Maple v. Maple,* 29 Wn. (2d) 858, 189 P. (2d) 976. But let us consider whether the circumstances of this case justify our disregarding them here. As far as can be ascertained from the record, appellant's evidence tended to show that he was devoted to his child, and she to him; that he had given her good care during the periods that she was in his custody, but that, as he had been single during most of this period, he had employed at least three different women to assist him in this task; that, shortly before the trial, he had remarried; that this was his third marriage; that his wife was a servicewoman who planned to resign from the navy and to devote all of her time to

housekeeping; and that, although she had had but a limited opportunity to become acquainted with the child, she was attracted to her, and desired to make her a good home.

On the other hand, respondent's evidence tended to show that she had remarried; that she and her husband had planned this marriage for some time; that her husband was regularly employed; that he had purchased a home, large enough to provide adequate room for the child; that the child and her husband had a mutual affection for each other; and that, during the periods she had had custody of the child, she had given her good care.

It will be seen that, on the basis of this record, there is much to support the claims of both parties. Such a situation is plainly a proper one for the application of the aforementioned principles, first, that, other things being equal, the mother is the proper party to have the custody of a child, and particularly of a young girl; and second, that the judgment of the trial court will not, save in exceptional cases, be disturbed in a matter of this kind.

Respondent's marriage and the establishment of her new home amounted to a sufficient alteration of condition to warrant a change of custody, if the trial court considered this to be for the child's best welfare. *Kane v. Miller,* 40 Wash. 125, 82 Pac. 177. The oral opinion delivered by the trial judge clearly indicates that this latter consideration was uppermost in his mind, and, all things taken in account, we feel that his decision was amply supported by the evidence.

■ Appellant contends that the trial court erred in excluding certain testimony proffered by one of respondent's former teachers, a woman who had apparently been very close to her during the period just subsequent to the separation in 1946, and who, it was alleged, had frequently discussed the child and its custody with her. Now, it is true that, in a custody hearing, necessarily involving the welfare of minor children, the court can hear and consider any evidence which will aid it in entering such an order as it appears will result in the greatest benefit to the children. *Trusley v. Trusley,* 186 Wash. 23, 56 P. (2d) 676. But, as with other

aspects of this problem, a wide discretion is allowed the trial court in the matter, and should it determine that the evidence sought to be offered would not help to clarify the situation, or possibly would amount to a mere reiteration of evidence presented at the original divorce hearing, this court will be slow to interfere with a ruling excluding such evidence. The offer of proof made by appellant's counsel indicates that the rejected testimony would have shown that respondent was a retarded pupil in school, and might possibly have shed some light on her attitude toward the child at a period prior to the entry of the interlocutory decree. How well respondent had done her work in school would seem to be entirely immaterial at this stage of the proceedings, in view of the finding in the interlocutory decree that she was a fit and proper person to have custody of the child. As for the rest of the testimony, the offer of proof does not support appellant's assertion that it would have explained Judge Sutton's decree awarding the custody of the child to appellant during school periods. Assuming that it might have indicated that, at some time prior to the interlocutory decree, respondent's attitude was not such as to justify granting full custody of the child to her, such testimony could have had little force, in view of all of the other evidence that, since that time, her conduct as a mother had been exemplary. See *Morin v. Morin,* 66 Wash. 312, 119 Pac. 745. The most that can be said for this testimony is that the trial judge might have considered it if he had felt that it would have been helpful to him to do so. Nothing in the offer of proof indicates that the testimony was of such a nature that it would in any way have affected his decision or the decision of this court on appeal.

There being no preponderance of the evidence against the conclusion reached by the trial court, it will not be disturbed.

The judgment is affirmed.

MALLERY, GRADY, HAMLEY, and DONWORTH, JJ., concur.