[No. 31593. Department One. May 24, 1951.]

MAUDE ATKINSON, *Respondent and Cross-appellant,* v.
ANDREW O. ATKINSON, *Appellant.*[1]

*Joseph H. Johnston,* for appellant.

*Conniff & Taylor,* for respondent and cross-appellant.

HILL, J.—The husband appealed from that portion of the divorce decree that awarded the custody of the six-year-old boy to the wife; and she cross-appealed from the division of the property made in the divorce decree.

[1] Reported in 231 P. (2d) 641.

The parties had been married twenty-four years. Their older daughter was married and living in eastern Washington; the other daughter was nineteen; and there were two boys, twelve and six years of age. Their home was in Eden valley, which seems to have been a misnomer. They owned some three hundred acres of second-growth timberland, about twenty acres of which was cleared and improved, there being an old house on the tract. The personal property consisted of furniture and fixtures, twenty-one head of livestock, a 1934 pickup truck, a comparatively new Ford tractor and disc. (Cash in the bank at the commencement of the action amounted to $680, of which the wife received $480.)

Both parties were awarded a divorce. The custody of the nineteen-year-old daughter and the twelve-year-old son was awarded to the father, and of this Mrs. Atkinson makes no complaint. The six-year-old boy was awarded to the mother, and it is from this portion of the decree that Mr. Atkinson appeals.

It not being practicable to divide the property, it was awarded to Mr. Atkinson, with the requirement that he pay Mrs. Atkinson twenty-five hundred dollars at the rate of thirty dollars a month, together with twenty dollars a month for the support of the boy whose custody was awarded to her; and it is from the inadequacy of this award that Mrs. Atkinson prosecutes her appeal.

There was an offer of testimony from both daughters to the effect that their mother had, over a long period of time and entirely without justification, accused each of them of having sexual relations with their father; and the trial court indicated that it would consider that testimony as being before the court without the necessity of their testimony being taken. Mr. Atkinson testified as to her accusations of similar import directed at him during the same period of time. The trial court said in its oral decision:

". . . I believe that these accusations were made and I do not believe that the acts ever occurred with which he is charged. I think it has become a fixation. I think she has a complete and absolute obsession about it."

It is apparent that Mrs. Atkinson had, by her own attitude, turned both of the girls and the twelve-year-old boy against her.

We quote now from the findings of fact:

" . . . that she has an ungovernable temper; is unreasonably jealous; has not properly cared for the home of the parties or the minor children, all of which acts were without just cause or provocation."

It is our feeling that the evidence in this case supports the trial court's finding above set forth, and that it does not support the finding, also made, that Mrs. Atkinson is a fit and proper person to have the care, custody, and control of the children. (We have not overlooked the testimony of numerous neighbors, but they had little opportunity to know the conditions existing within the home.)

After the trial court had indicated in its oral decision that it would give the custody of the six-year-old boy to Mrs. Atkinson, there was a motion on behalf of Mr. Atkinson to reopen the case for further testimony as to her fitness. A doctor who had examined her made an affidavit that he would testify that her mind was so unbalanced that she was not responsible and should not have the care and custody of any small child. Other medical testimony, of a hypothetical character, was also offered.

From a technical standpoint, the trial court was justified in refusing to reopen the case for the proffered testimony, as it could have been offered at the trial and was cumulative; and we find no error in that ruling. However, it seems to us that in this most difficult of all problems, the custody of children, the trial court should seek all the light available. It appears that the various members of the Atkinson family, except the older daughter, had been before the trial judge in the family court, and he had talked with them at some length and apparently on more than one occasion. Conceivably, the determination made was based upon what he had learned in those conferences, but of that we have no record.

■ We are loathe to disturb the determination of the trial court with reference to the custody of children, for the reason that no written record can capture the nuances or adequately portray the conflicting emotions which are so much a part of the judicial determination of what is best for the physical and spiritual welfare of a child, and for other reasons set forth in our opinions. *Schorno v Schorno*, 26 Wn. (2d) 11, 19, 172 P. (2d) 474; *Maple v. Maple*, 29 Wn. (2d) 858, 867-868, 189 P. (2d) 976; *Allen v. Allen, ante* p. 128, 132-133, 228 P. (2d) 151. But on the record before us, we cannot believe that Mrs. Atkinson, with her fixations and obsessions, is a fit person to have the custody of this child. Either she will destroy his affection and regard for her as she has with the three older children, or he will become warped into the pattern of her hates, jealousies, and suspicions. It is our belief that his best interests will be served by permitting the two boys to remain together under the care, custody, and control of Mr. Atkinson, and the decree will be modified accordingly.

On her cross-complaint, Mrs. Atkinson has justifiable grounds of complaint. She placed a value of $12,000 on the community property. One of the neighbors put the value of the real property at $8,000 and the personal property at $3,705, or a total of $11,705; another neighbor fixed $11,000 as the value of the real and personal property; Mr. Atkinson placed a value of $4,000 on the real property and $2,800 on the machinery and livestock, and was not asked to place a valuation upon the furniture. The trial court did not regard these valuations as realistic. In its oral decision it fixed a value of $3,000 on the land, $1,000 on the improvements, and $1,000 on the personal property. In the findings of fact, without any segregation of values, it found that the reasonable value of all community property was $5,000 and on that basis made an award of $2,500 to Mrs. Atkinson.

■ The valuation of $6,800 by Mr. Atkinson did not include the furniture, and we cannot conceive of its value being less than $200. Consequently, $7,000 is the lowest figure that the evidence would support as the value of the

community property. We agree with the trial court that Mrs. Atkinson was entitled to half of the community property, but feel that the value of that half was at least $3,500 instead of the $2,500 awarded to her, and that the fixing of the value of half of the community property at the latter figure was an abuse of discretion as that term is defined in *Holm v. Holm,* 27 Wn. (2d) 456, 178 P. (2d) 725. See *Bodine v. Bodine,* 34 Wn. (2d) 33, 207 P. (2d) 1213.

There seems to be much merit in Mrs. Atkinson's suggestion that she should have $2,000 in cash in order that she might establish herself in a small business of some kind. If practicable, that should be done, even though it may mean that the property awarded to the husband would have to be mortgaged in that amount and the proceeds of the mortgage made available to her. It may be, however, that there is no way by which this amount can be paid save in monthly installments as now provided in the decree. We recommend this suggestion to the further consideration of the trial court.

The cause will be remanded to the trial court with instructions to modify the decree by (a) awarding the custody of the six-year-old boy to Mr. Atkinson and eliminating the requirement of any payment by him to Mrs. Atkinson for the support and maintenance of the child; and (b) increasing the amount awarded to Mrs. Atkinson from $2,500 to $3,500, and, if practicable, requiring the payment of $2,000 of that amount to Mrs. Atkinson in cash.

The appellant having prevailed on his appeal and the cross-appellant on her cross-appeal, neither party will recover costs.

SCHWELLENBACH, C. J., BEALS, DONWORTH, and FINLEY, JJ., concur.