[No. 32575.   Department One.   December 3, 1953.]

STELLA A. GIBSON, *Appellant,* v. HAROLD D. VON OLNHAUSEN, *Respondent and Cross-appellant.*[1]

[1]Reported in 263 P. (2d) 954.

*Edmund T. Brigham,* for appellant.

*Horrigan, Merrick, Peterson & Merrick* and *Davis, Trezona, Chastek & Lorenz,* for respondent and cross-appellant.

MALLERY, J.—Plaintiff and defendant were married in Belgrade, Montana, on October 20, 1941. Their son, Dick, was born on April 22, 1943. The defendant entered the army in 1944 and went overseas in 1945. The defendant secured a divorce from plaintiff by default in Montana, in 1946, and was given custody of Dick from September to May, inclusive. Plaintiff got custody for the school vacation months with thirty dollars a month support money. Both parties remarried—the plaintiff sixteen days after the decree, and the defendant in 1950.

Plaintiff sought a modification of the Montana divorce decree to give her full-time custody of Dick with support money, attorney's fee, and costs.

The trial court did not materially change the terms of the Montana divorce decree, but it did allow plaintiff two hundred dollars attorney's fee and costs of her action.

The plaintiff appeals, and defendant cross-appeals from the allowance of attorney's fee.

Appellant contends that the trial court abused its discretion in admitting exhibits and evidence of occurrences prior to the entry of the Montana divorce decree, including letters in which appellant had confessed to an abortion, treatments for venereal disease, and extramarital activities, occurring while respondent was overseas.

Where the custody of a child is before the court, it may receive and consider competent evidence having probative value as to the character and fitness of the parties without any arbitrary time limitations. *Trusley v. Trusley,* 186 Wash. 23, 56 P. (2d) 676; and *Allen v. Allen,* 38 Wn. (2d) 128, 228 P. (2d) 151.

The trial court modified appellant's vacation custody of the child by starting it after the close of school, rather than

exactly on the first of June, which might precede the vacation by a few days.

■ Appellant contends that the trial court was without power to do this, because respondent's pleadings contained only a general denial and had no prayer for affirmative relief.

The trial court, having obtained jurisdiction of the parties and the subject of the action, exercises power derived from the statute, not the pleadings of the parties, over custody of children. We find no merit in the contention.

Appellant contends that the trial court erred in allowing only ten dollars a week support money for the summer months. However, she made no showing of a greater need in the court below. The record is, therefore, devoid of any support for it here.

We find no merit in appellant's assignments of error Nos. 14 to 21, inclusive, which are directed to the refusal of the trial court to enter appellant's proposed findings of fact, conclusions of law, and decree.

■ Appellant contends that the trial court erred in its finding of fact No. 5, which reads:

"That defendant herein is a man of sound character and of the highest moral character, as is his present wife. Defendant is a good and loving father and has provided a good, stable Christian home for the child ever since the divorce of the parties. . . ."

We find that the record supports the finding.

Appellant contends that the trial court erred in not granting her full-time custody of the child. In addition to the foregoing finding of fact, the court further found that the child, now over ten years of age, was happy and well-oriented in his father's home, and that his welfare would be best served by not being uprooted by a change of custody.

We find no abuse of discretion by the trial court.

Appellant assigns error to the making of findings of fact Nos. 6, 7, 8, and 9. We find that they are supported by the record.

■ Appellant contends that the allowance by the trial court of two hundred dollars for attorney's fee was inade-

quate. The respondent and cross-appellant contends that no attorney's fee should have been allowed. RCW 26.08.190 [*cf.* Rem. Supp. 1949, § 997-19] provides:

"In any proceeding for the enforcement or *modification* of any order pendente lite, *decree of divorce,* separate maintenance, or annulment, or any order entered subsequent to the entry of such decree, the court *may,* in its *discretion,* award attorneys' fees and costs to *either party."* (Italics ours.)

The words "either party" mean either husband or wife as well as either plaintiff or defendant. It was not the intention of the statute to award attorneys' fees and costs upon the basis of sex. A wife is not entitled to free litigation because of it. The statute intends that a party is not to be deprived of his or her day in court by reason of poverty. Courts predicate awards of costs and attorneys' fees upon the *need* of the party seeking them, and exercise their discretion upon the merits of the showing made.

Appellant made no showing of financial need. Quite the contrary, in making her case for full-time custody of the child, she contended for the suitability of herself and husband to have the child, and the adequacy of their home and financial condition. Discretion exercised upon untenable grounds, is an abuse of discretion. *State ex rel. Nielsen v. Superior Court,* 7 Wn. (2d) 562, 110 P. (2) 645; *Holm v. Holm,* 27 Wn. (2d) 456, 178 P. (2d) 725; *Berol v. Berol,* 37 Wn. (2d) 380, 223 P. (2d) 1055; and *High v. High,* 41 Wn. (2d) 811, 252 P. (2d) 272.

Accordingly, the decree of the trial court must be modified to the extent of striking therefrom the provisions for attorney's fee and costs in the proceeding below.

The judgment is affirmed as modified with regard to attorney's fee and costs in the court below. The respondent may have his costs on appeal.

GRADY, C. J., HILL, WEAVER, and OLSON, JJ., concur.

January 12, 1953. Petition for rehearing denied.