Argued January 19, affirmed February 8, 1956

## NIEMELA *v.* NIEMELA
293 P. 2d 219

*Nathan Weinstein,* Portland, argued the cause for appellant.

No appearance for respondent.

Before WARNER, C.J., TOOZE, LUSK and BRAND, Justices.

PER CURIAM.

This is an action brought to establish a foreign judgment as one of record in this State. From a judgment in favor of plaintiff, the defendant appeals.

The matter which is the foundation of the present action is briefly this: sometime in February, 1946, Evelyn L. Niemela, the plaintiff here, instituted a suit for divorce against Edward A. Niemela, the defendant here, in the Superior Court of the State of Washington for Klickitat County. The record discloses that Edward Niemela had been personally served with summons in the divorce matter.

On the 19th day of March, 1946, that court entered an interlocutory decree wherein Mrs. Niemela was given a divorce from her husband, but which could not attain finality sooner than six months thereafter. The order of March 1946 also carried a provision for the custody and control of the minor children of the parties, and directed that the defendant pay plaintiff the sum of $50 a month for their support and maintenance. On the 8th day of October, 1946 a further order was entered, modifying the first interlocutory decree above mentioned by increasing the amount of the defendant's monthly payments from $50 a month to $115 a month. This decree reflected an arrangement which the defendant had previously consented to in writing.

On the 9th day of October, 1946, and more than six months after the interlocutory decree of divorce was granted, the court entered its final decree, the essential provision of which provided as follows:

"Now, therefore, it is hereby Considered, Ordered, Adjudged and Decreed that the bonds of

matrimony heretofore existing between Plaintiff and Defendant, be, and the same are, hereby dissolved and set aside and the Plaintiff granted an absolute divorce from the Defendant.''

Predicated upon the evidence adduced at the trial in the circuit court of this State, the court entered a judgment establishing the money judgment derived from the last interlocutory decree in the Washington matter as a foreign judgment in this State, and thereafter entered judgment in favor of the plaintiff for $5,280.

■ The appellant correctly asserts that the courts of this State will give full faith and credit to the judgments and decrees of foreign states only when they are final and conclusive in character. *Rowe v. Rowe,* 76 Or 491, 496, 149 P 533; *Levine v. Levine,* 95 Or 94, 98, 187 P 609; *State ex rel. Weingart v. Kiessenbeck,* 167 Or 25, 32, 114 P2d 147.

There is only one question to determine here, and that is whether the decree in the Washington case providing for money payments from defendant to plaintiff has the quality of finality which entitles it to be enforced in this State.

The appellant argues that inasmuch as the money obligation is predicated upon an interlocutory decree, it ipso facto deprives it of the essential quality of conclusiveness. The answer to this must be found by recourse to the law of the State of Washington where a divorce cannot become final until, as we have noticed, six months after the entry of the interlocutory order.

The statute governing the matter of divorce decrees at the time the parties here were divorced in Washington was Remington's Compiled Statutes § 988. The precise question advanced by the appellant here was

before the Washington court in *Waugh v. Waugh* (1925), 137 Wash 7, 241 P 299, 301. It was there argued, on behalf of the appellant Waugh, as is contended by appellant in the instant matter, that since the final decree did not in terms confirm the award of alimony which was made in the previous interlocutory order, such an award ceased to be of any effect beyond the date of the entry of the final decree of divorce. The Supreme Court of that State, in holding against that contention in *Waugh v. Waugh,* supra, said:

> "Looking to the spirit of the law, as well as its letter, we conclude that the final decree of divorce here rendered, though containing no express words of confirmation of the award of alimony for the support of respondent and the children made by the interlocutory order, is, in legal effect, an automatic confirmation of that award, leaving it in full force and effect until a possible modification thereof by the court upon a showing of subsequent changed conditions."

Later, in *Allen v. Allen* (1951) 38 Washington 2d 128, 228 P2d 151, 153, the Washington court, citing *Waugh v. Waugh,* supra, as its authority, makes the following statement with reference to the finality of an interlocutory divorce decree:

> "We are inclined to agree with respondent. As the term implies, a final decree does no more than make the interlocutory decree final. It completes the process of divorcing the parties. All ancillary questions, relating, for example, to the disposition of property and the custody of children are settled upon the entry of the interlocutory decree. From that time on, decisions on these matters operate as final, appealable orders."

■ Moreover, execution will issue in the State of Washington on accrued and unpaid installments of

monies due under a divorce decree. *Swanson v. Graham* 27 Wash 2d 590; 179 P 2d 288, 292; *Starkey v. Starkey* 40 Wash 2d 307; 242 P 2d 1048, 1052.

■ We therefore hold that the interlocutory decree of October 8, 1946 in the Washington case of *Niemela v. Niemela,* which is the basis for the money judgment from whence the instant appeal is taken, is a final decree under the authority of *Waugh v. Waugh,* supra, entitling it to be established as a money judgment in this State.

Affirmed.

TOOZE, J., did not participate in this decision.