Donworth, J.
 

 This is an appeal by a husband, who was the defendant in a prior divorce action, from an order modifying the provisions of the divorce decree (entered in 1952), relative to the custody and support of a minor child, by awarding to the plaintiff, his ex-wife, the sole custody of their minor child and depriving the husband of his right of visitation originally granted him by the divorce decree.
 

 
 *415
 
 The plaintiff and defendant shall hereafter be designated as respondent and appellant, respectively.
 

 In March of 1952, respondent was granted a decree of divorce from appellant, wherein it was provided:
 

 “Plaintiff be and she is hereby awarded the sole care, custody and control of the minor child of the parties, namely, Vicki Lynn Malfait, aged sixteen months,
 
 subject to the right of reasonable visitation on the part of the Defendant.
 

 “Defendant be and he is hereby
 
 directed to pay the sum of $50.00 per month for the care, support and maintenance of his minor child,
 
 until she shall attain eighteen years of age, sooner become emancipated,
 
 until the plaintijf remarries,
 
 or until further order of this Court.” (Italics ours.)
 

 Respondent subsequently remarried, thereby relieving appellant, under the terms of the decree, from making further child-support payments. In January of 1957, respondent filed a petition to modify the divorce decree as follows:
 

 “1. That the Decree of Divorce heretofore entered in the above entitled action be modified to the extent that the defendant be required to pay the sum of $75.00 per month toward the care and support of his minor child, Vicki Lynn Malfait;
 

 “2. That if defendant shall fail or refuse to adequately support said minor child, in the alternative the court should deny him all rights with regard to said child since such action would serve the best interests of the child.”
 

 Following a hearing, the trial court, on April 30, 1957, rendered an oral decision, the substance thereof being set forth in the statement of facts as follows:
 

 “Upon submission of the case to the court, the court gave an oral opinion in which it made the observation that it did not feel that the defendant, from his attitude on the witness stand and from statements that he made, had any real affection for the minor child, and that the defendant at no time considered the needs of said child, but he was merely using the child as a pawn in an effort to harass the plaintiff.
 

 “The court made the further observation that if the defendant had had any real interest in the child, he would be concerned with her welfare and would make some arrangements to provide for the child when she needed help; that the mere fact that the defendant wanted custody of the
 
 *416
 
 child and said he could provide for the child in his own home, but refused to provide for her while in the home of the plaintiff, was an indication that he was not concerned with the welfare of the child.
 

 “The court further stated that from the attitude of the defendant on the stand he was arrogant and selfish and that with his attitude, his visiting with said child would be detrimental to her welfare.
 

 “In summation, the court denied all rights of visitation to the defendant based on his wilfull refusal to support said child and because of his negative attitude toward his responsibilities as a father in failing to visit the child when she had a great desire to visit with him, and that he was concerned with his own affairs above the interests of said child.”
 

 The formal order modifying the divorce decree by depriving appellant of all visitation rights was entered October 22, 1957. It contained no findings of fact but included recitals which were substantially the same as the oral decision.
 

 After notice of appeal was given on November 20, 1957, respondent’s motion for attorneys’ fees on appeal (filed December 13, 1957), supported by respondent’s affidavit, was resisted by appellant and, after a hearing, was granted for the amount of $250.
 

 Appellant alleges that the trial court erred in the following particulars: (1) In failing to make findings of fact; (2) in entering an order of modification of decree depriving appellant of all rights concerning his minor daughter; (3) in entering an order awarding respondent attorneys’ fees on appeal of $250.
 

 The first assignment of error, failure to make findings of fact, is not well taken. Although there are no
 
 formal
 
 findings of fact, the trial court did recite certain facts in its order of modification as above stated.
 

 The recitals in the order of modification, when read in the light of the oral decision, clearly reveal the facts which were relied upon by the trial court in making its order. If the appellant felt that he was in any way prejudiced by the lack of more formal findings, he should have
 
 *417
 
 made a timely motion to vacate the judgment of the trial court. Superior Court Rule 15, 34A Wn. (2d) 116, as amended effective March 27, 1952. Under these circumstances, appellant must be deemed to have waived any error in this respect.
 

 The second assignment of error, which concerns the order depriving appellant of his right of visitation, has merit. Our examination of the whole record convinces us that the trial court’s order stemmed primarily from appellant’s statement, on cross-examination, to the effect that he would not contribute to the support of the child while she remained in the custody of respondent in her home with her present husband.
 

 The trial court construed this statement to be a refusal on appellant’s part to pay support money for the child, although appellant was under no order of the court to make any support payments and had never been in default as to any of the support payments ordered by the original divorce decree. In view of these facts, the modification order appears to be more in the nature of a penalty for appellant’s behavior on the witness stand than a change in visitation rights made in the best interests of the minor child. If the child needed financial support from her father, he should be ordered to adequately provide for her. If he then failed to obey such order, he could be held in contempt. There was no showing by respondent that the welfare and the best interests of the child required the extinguishment of appellant’s visitation rights. This is essential to such a modification as she was seeking.
 
 Klettke v. Klettke,
 
 48 Wn. (2d) 502, 294 P. (2d) 938 (1956).
 

 As evidenced by respondent’s petition, she apparently felt that appellant’s visitation rights would have no relation to the welfare of the child unless appellant refused or failed to contribute to the support of the child. Apparently, if appellant would agree to pay $75 per month for support of the child, respondent would have no objection to the continuance of his visitation rights. The question of custody and support of children is not to be deter
 
 *418
 
 mined upon the basis of the desires of the parties or used as a penalty or reward for their conduct.
 
 Norman v. Norman,
 
 27 Wn. (2d) 25, 176 P. (2d) 349 (1947). Nor is the obligation of the father to provide payments for the support of his child contingent upon the continued exercise of a granted right of visitation.
 
 Gaidos v. Gaidos,
 
 48 Wn. (2d) 276, 293 P. (2d) 388 (1956). On a petition to modify the support-money provisions of a divorce decree, the basic ■inquiry is whether there has been a subsequent change of circumstances in terms of the needs of the child and the ability of the former husband to pay.
 
 Hanson v. Hanson,
 
 47 Wn. (2d) 439, 287 P. (2d) 879 (1955).
 

 The final assignment of error refers to the allowance of $250 attorneys’ fees to respondent on this appeal. Appellant’s objection to the order is based upon two grounds: (1) The lack of authority in the trial court to make such a provision; and (2) the financial status of the respective parties.
 

 RCW 26.08.190 grants the authority for such an award. It leaves the making thereof to the sound discretion of the trial court. The purpose of the statute is to make certain that a party is not deprived of his or her day in court by reason of poverty.
 
 Gibson v. Von Olnhausen,
 
 43 Wn. (2d) 803, 263 P. (2d) 954 (1953).
 

 Respondent made no showing of financial need greater than that of appellant. On the contrary, from the record it appears that she is in a better financial position than is appellant. Respondent instituted this proceeding. Her present husband is earning $5,000 per year. Discretion exercised upon untenable grounds is an abuse of discretion.
 
 Gibson v. Von Olnhausen, supra,
 
 and cases cited therein. The order requiring appellant to pay respondent $250 attorneys’ fees on appeal is reversed.
 

 The order appealed from is hereby reversed and remanded to the trial court with instructions to restore appellant’s visitation rights and enter an order with respect to support payments in such amount, if any, as the court finds to be fair, having in mind the needs of the minor child and
 
 *419
 
 the ability of appellant to pay.' Appellant shall recover his costs in this court.
 

 It is so ordered.
 

 Weaver, C. J., Mallery, Ott, and Hunter, JJ., concur.