IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Marriage of: | ) | No. 28599-5-III |
| | ) | |
| IOULIA A. FRAZIER, a/k/a | ) | |
| JULIA A. FRAZIER, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | UNPUBLISHED OPINION |
| v. | ) | |
| | ) | |
| DEAN J. FRAZIER, | ) | |
| | ) | |
| Appellant. | ) | |

BROWN, J. — Dean J. Frazier appeals the marriage dissolution decree for him and

Ioulia A. Frazier (now Sokolova), contending the trial court erred in its property

distribution, spousal maintenance, and attorney fee rulings. We affirm.

FACTS

The parties married a second time on February 19, 2005. They have one daughter

from their first marriage. Ms. Frazier petitioned to dissolve the second marriage on July

25, 2008. That day, Ms. Frazier left the marital home with the parties' daughter and her

residential placement was disputed. Abuse allegations were later determined unfounded, but guardian ad litem costs totaled about $8,000.

A court commissioner denied Mr. Frazier's pretrial request for maintenance, finding he had not provided any "medical evidence showing that he's not able to be employed" and that Mr. Frazier acknowledged he "was employed in the past and could go back to work," and Ms. Frazier did not have the ability to pay. Report of Proceedings (RP) (April 16, 2009) at 11-12.

At trial, the court recognized the case had been difficult with "accusations about nefarious things." Clerk's Papers (CP) at 90. The court informed the parties it had "to make a decision based on solid evidence and not upon speculation or accusations." *Id.* The trial court decided he lacked a sufficient need and the parties had inadequate finances to warrant the award of maintenance to Mr. Frazier. The court found Mr. Frazier's statement that he would be returning to work in the near future further negated the maintenance need.

Mr. Frazier failed to provide proof of his income, tax records, bank statements and credit card statements to support his claim for maintenance, attorney fees, division of debt, and allocation of the parties' minimal assets. Ms. Frazier provided evidence of finances and asset values. Based on this evidence, the court determined the parties were substantially equal in their financial positions.

2

The trial court analyzed the parties' community and separate assets and debts. During the marriage, the parties acquired few assets, a home with little equity, three vehicles, and basic garden tools and equipment. These items were given their fair market value by the trial court after reviewing the trial evidence.

The court divided the property with Mr. Frazier receiving assets valued at about $5,400, plus one-half of the equity from the sale of the parties' residence as his separate property. Ms. Frazier received assets valued at about $8,305, as her separate property, plus one-half of the equity from the sale of the parties' residence as her separate property. Mr. Frazier received credit for the down payment of approximately $8,600 that he made on the residence with his separate property funds. Ms. Frazier was ordered to pay 55 per cent of the guardian ad litem's $8,000 bill, or $4,400, and Mr. Frazier was ordered to pay 45 per cent, or $3,600.

Mr. Frazier asserted he co-owned a parcel of real property with his mother, but the court found insufficient evidence of co-ownership. The court decided $11,000 held in a bank account by Ms. Frazier was not a marital asset, but money separately loaned to her in 2003 after the first marriage dissolution for emergency purposes that she was required to repay. The deposit evidence showed Ms. Frazier kept this money separate from the parties' community funds. Neither party earned enough money to make the deposits.

The trial court denied attorney fees after considering the need and ability to pay evidence. The trial court denied reconsideration of its rulings, reasoning a "division of

3

assets and liabilities is governed by an equitable division, rather than a 50-50 division."

CP at 139-40. The court found its disposition would "put the parties in a position to put

this matter behind them, get to work and get on with their lives." CP at 140. Mr. Frazier

appealed.

## ANALYSIS

### A. Property Division

The issue is whether the trial court erred by abusing its discretion in its property

distribution. Mr. Frazier incorrectly contends the court did not properly consider the

factors set forth in RCW 26.09.080 in reaching a just and equitable property division.

The trial court has broad discretion in distributing the marital property and its

decision will be reversed solely when discretion was exercised on untenable grounds or

for untenable reasons. *In re Marriage of Muhammad*, 153 Wn.2d 795, 803, 108 P.3d 779

(2005). This deferential standard of review exists because the trial court is "in the best

position to assess the assets and liabilities of the parties" in order to determine what

constitutes an equitable outcome. *In re Marriage of Brewer*, 137 Wn.2d 756, 769, 976

P.2d 102 (1999).

RCW 26.09.080 requires consideration of four factors in reaching a "just and

equitable" property division. *In re Marriage of Rockwell*, 141 Wn. App. 235, 242-43,

170 P.3d 572 (2007). The statutory factors are (1) the nature and extent of the

community property, (2) the nature and extent of the separate property, (3) the duration of

4

the marriage, and (4) the economic circumstances of the parties at the time of the property division. RCW 26.09.080.

Mr. Frazier argues the trial court grossly overvalued certain property awarded to him; he points to a Jet Ski/trailer and utility trailer valued at $1,000; a pellet stove valued at $1,000; and the contents of the parties' garage, including all of the parties' tools, equipment, gardening equipment, and a lawn mower valued at $3,000. He argues the trial court grossly undervalued a 2004 vehicle awarded to Ms. Frazier and failed to consider Ms. Frazier's $11,000 a marital asset. The court found the Jet Ski trailer was worth $400, a separate utility trailer was worth $200 and that combining these trailers with the Jet Ski the total value was $1,000.

Generally, Mr. Frazier failed to submit trial evidence regarding property value or condition. The record shows the court considered the evidence and decided values within the range of evidence. For example, the pellet stove initially purchased for $2,000 was valued by the trial court at $1,000. Mr. Frazier failed to submit sufficient evidence that he had acquired the tools, equipment, gardening materials and lawn mower prior to marriage. The trial court's valuation of $3,000 for the property remaining in the garage was reasonable considering the trial evidence. The record shows Mr. Frazier repeatedly removed items from the garage throughout the pendency of the dissolution; not all property taken by Mr. Frazier could be evaluated by the trial court.

Mr. Frazier's argument regarding the under valuation of the 2004 vehicle awarded to Ms. Frazier is likewise unfounded and not based upon the trial evidence. Ms. Frazier submitted evidence of the vehicle's value based upon the Kelley Blue Book (KBB). Ms. Frazier also submitted evidence of issues with the vehicle which decreased its value from its KBB value. For instance, after separation, Ms. Frazier was required to pay $600 for new tires and maintenance to the vehicle. Ms. Frazier also paid $910 towards the loan on the vehicle after separation. Ms. Frazier's evidence showed vehicle body damage and a cracked windshield. Considering this evidence, the court reasonably deducted about $1,000 from the KBB value.

The trial court decided the $11,000 held in Ms. Frazier's bank account was not property owned by either Ms. Frazier or Mr. Frazier, or the marital community. The documentary trial evidence and Ms. Frazier's testimony accepted by the court sufficiently supports the conclusion that the $11,000 was a loan made to Ms. Frazier by her parents during the parties' first divorce in 2003. Ms. Frazier testified she kept the cash in the safe deposit box from 2003 until 2006 when she deposited it into her separate bank account in order to gain interest on the money for her parents. This money was never commingled with the parties' community property. The separate character of property will remain "through all of its changes and transitions so long as it can be traced and identified, and its rents, issues and profits likewise are and continue to be separate property." *Baker v.*

*Baker*, 80 Wn.2d 736, 745, 498 P.2d. 315 (1972) (citing *Burche v. Rice*, 37 Wn.2d 185, 222 P.2d 847 (1950)).

In sum, the trial court considered the factors set forth in RCW 26.09.080 in dividing the parties' property. Because tenable grounds exist to support the court's property division, the trial court did not abuse its discretion.

## B. Spousal Maintenance

The issue is whether the trial court erred by abusing its discretion in denying Mr. Frazier's maintenance request. He contends the court did not properly consider his need and Ms. Frazier's ability to pay. We disagree.

We review the denial of maintenance for abuse of discretion. *Friedlander v. Friedlander*, 80 Wn.2d 293, 298, 494 P.2d 208 (1972). Trial courts must consider the statutory factors of RCW 26.09.090. Those factors include the parties' financial resources, their abilities to meet their needs independently, the length of the marriage, the time needed by the spouse seeking maintenance to acquire education necessary to obtain employment, the standard of living established during the marriage, the age, health, and financial obligations of the spouse seeking maintenance, and the ability of one spouse to pay maintenance to the other. RCW 26.09.090; *In re Marriage of Williams*, 84 Wn. App. 263, 267-68, 927 P.2d 679 (1996). The purpose of maintenance is to support a spouse until he or she is able to become self-supporting. *In re Marriage of Luckey*, 73 Wn. App. 201, 209, 868 P.2d 189 (1994).

Here, the trial court considered all appropriate factors in deciding no factual basis existed for Mr. Frazier's maintenance request. The record shows the parties were of modest means, coming out of a short marriage with substantially similar earning capacity; Ms. Frazier earned $2,463 net per month and Mr. Frazier earned $1,993. Regarding Mr. Frazier's employability, no medical evidence showed Mr. Frazier could not be employed, and he acknowledged he "was employed in the past and could go back to work." RP (April 16, 2009) at 11-12. During trial, the court found that Mr. Frazier's statement that he would be returning to work in the near future negated the need for maintenance. Moreover, the record shows Ms. Frazier does not have the ability to pay. Thus, tenable grounds exist for the court's denial of Mr. Frazier's request for maintenance.

## C. Attorney Fees

Mr. Frazier contends he should have been awarded fees below and merits them on appeal.

Whether an award of attorney fees and costs should be allowed in a dissolution proceeding and the amount of the award, are matters within the sound discretion of the trial court. *In re Marriage of Mattson*, 95 Wn. App. 592, 604, 976 P.2d 157 (1999). Pursuant to RCW 26.09.140, the trial court has discretion to award attorney fees and other costs of litigation when one party has a financial need for an award and when the other party has the ability to pay. The purpose of the statutory authority is to ensure that

a person is not deprived of his or her day in court by reason of financial disadvantage. *Malfait v. Malfait*, 54 Wn.2d 413, 418, 341 P.2d 154 (1959).

Here, the trial court found the parties were in a position to pay their own attorney fees. This finding is supported by substantial evidence in the record. The parties have nearly equal earning power and the court made an effort to distribute the value of the parties' assets equally between them. Based on these facts, Mr. Frazier has not shown a financial need nor has he shown Ms. Frazier has the ability to pay. Therefore, the court did not abuse its discretion by denying Mr. Frazier's request for attorney fees.

Turning to the parties' requests for fees on appeal, both rely on RCW 26.09.140. Under RCW 26.09.140, we may, in our discretion, order a party to pay for the cost to the other party of maintaining the appeal, including attorney fees, in addition to statutory costs. This provision gives us discretion to award attorney fees to either party based on the parties' financial resources, balancing the financial need of the requesting party against the other party's ability to pay. *In re Marriage of Pennamen*, 135 Wn. App. 790, 807-08, 146 P.3d 466 (2006). Based on the information submitted by Ms. Frazier, it appears both parties have financial need, but neither has the ability to pay the other's attorney fees. Accordingly, an award of attorney fees on appeal is denied.

No. 28599-5-III
*In re Marriage of Frazier*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Brown, J.

WE CONCUR:

_____        _____
Korsmo, C.J.                                                    Kulik, J.

10