[No. 36085.   Department One.   May 23, 1962.]

EDELL HELEN MOORE, *Appellant*, v. FLOYD ERWIN MOORE, *Respondent.**

*Savage, Nuxoll & Brennan* and *Miller, Jansen & Sackmann,* for appellant.

*Lawrence Hickman,* for respondent.

HILL, J.—This started as an action for divorce.  The wife alleged abandonment and infidelity.  The husband cross-complained, asking a divorce on the grounds of cruelty and personal indignities rendering life burdensome.

At the close of the trial the wife moved to amend the prayer of her complaint, asking for separate maintenance instead of a divorce.  When this motion was granted, the

*Reported in 371 P. (2d) 630.

trial court permitted the defendant to amend his cross-complaint, enlarging his grounds for divorce, and reopened the case for the introduction of further evidence in support of his cross-complaint.

The trial court entered a decree January 20, 1961, granting the husband a divorce; making division of the property; and making a cash award to the wife of $3,000, payable in a lump sum or at the husband's option in monthly payments of $250 each. This was "In further settlement and to assist her in becoming self supporting."

The wife appealed, asking for $500 per month maintenance pending the appeal; $1,500 attorney's fees and $600 costs on appeal. The trial court awarded $300 costs on appeal and $250 monthly-support money; the support money to be credited against the award of $3,000 to which we have referred in the preceding paragraph. The sufficiency and propriety of this award is also questioned.

As the trial judge suggested in his memorandum opinion, neither of these parties was without fault. He pointed out that the relationship between them

". . . commenced under adulterous circumstances [*i.e.*, before the husband's divorce from his first wife], drinking and gambling have been the most prominent features of the marriage. . . ."

The testimony clearly supports the conclusion that the husband was entitled to a divorce because of the wife's conduct. She, to quote from the findings,

". . . became irritable and abusive, screaming at her husband, pounding on the table, countermanding his orders concerning the farm, assuming authority to give orders in relation to the care and maintenance of the cattle and other farm operations. She, also, insulted her husband, calling him crazy, telling him his mother was crazy, and calling both . . . crazy. In addition, during the last six months prior to the separation of the parties, Plaintiff without excuse, denied her husband's requests for sexual intercourse."

The trial court further found that the wife's cruel treatment had resulted in "his being humiliated, embarrassed, and insulted," all of which "did adversely affect him

and resulted in rendering his life burdensome." This established his right to a divorce.

Whether the wife established grounds for divorce, we do not need to discuss, as she waived her prayer for divorce and insisted that what she wanted was separate maintenance. Unfaithful as she claimed her husband to be, she wanted to keep him in the bonds of matrimony.

The trial court regarded this as a purely mercenary maneuver, saying that "Mrs. Moore wants all the money she can get."

While we agree with the trial court that there was no evidence of abandonment or nonsupport and that Mrs. Moore always had available to her "ample funds for her support and maintenance, including drinking and gambling," any discussion of separate maintenance is academic if, as we hold, the husband is entitled to a divorce on the basis of his wife's treatment of him.

■ A divorce will be granted despite some misconduct on the part of the prevailing party, there being no question of recrimination. *Metcalf v. Metcalf* (1961), 57 Wn. (2d) 612, 358 P. (2d) 983; *Hokamp v. Hokamp* (1949), 32 Wn. (2d) 593, 203 P. (2d) 357; and *Huff v. Huff* (1934), 178 Wash. 684, 35 P. (2d) 86.

We see no objection to the trial court's order making the $250-support allowance during the appeal a charge on the $3,000 award made to the wife in the divorce decree. That award was intended to give her an opportunity to assist herself in becoming self supporting. If she desired to wage an appeal during the year that the $250 a month payments were being made, she was free to do so, but that did not entitle her to more than the amount she would be receiving under the decree, if it had not been appealed.

■ The trial court (in findings Nos. 10 and 11, to which no error is assigned) found that throughout the marriage the husband had operated the farm, on which the parties lived, as a year-to-year tenant and that no property of substantial value had been acquired or accumulated during the marriage, hence there was none to divide. The sub-

stance of those findings was that the parties had, in effect, lived up the income from the farming operations.

The trial court was meticulous in seeing that the wife received the equivalent of all the separate property she had at the time of the marriage, or subsequently received, the amount being some $5,400; in addition, she received $3,000 (to which we have heretofore made reference) to assist her in again becoming self supporting. We find nothing to criticize in the trial court's property settlement.

Nor are we disposed to interfere with the trial court's allowance of $300 for costs on the appeal. We have heretofore pointed out that a wife is not entitled to litigation at her husband's expense, when she has the means to finance it. *Bang v. Bang* (1961), 57 Wn. (2d) 602, 358 P. (2d) 960; *Koon v. Koon* (1957), 50 Wn. (2d) 577, 313 P. (2d) 369. The wife here fails to meet the test of need, and the trial court might have refused to make any allowance.

The decree and order appealed from are affirmed.

FINLEY, C. J., WEAVER, ROSELLINI, and FOSTER, JJ., concur.