[No. 36802.  Department One.  April 23, 1964.]

RUTH McNAIR, *Respondent*, v. LEE R. McNAIR, *Appellant.*[*]

*Lee R. McNair,* pro se.

*William C. Goodloe* (of *Todd & Goodloe*), for respondent.

ROSELLINI, J.—The defendant appeals from a judgment in a divorce action whereby a divorce was awarded to both parties; the custody of the minor children was awarded to the plaintiff wife; the plaintiff was awarded approximately two thirds of the community property; and the defendant was required to pay $75 per month for the support of each child and $75 per month alimony for a period of

[*]Reported in 391 P. (2d) 549.

3 years, at the end of which the amount was to be reduced to $25 per month.

It is contended that the court abused its discretion in dividing the property and in awarding alimony. The record shows that the property consisted of an equity in a home, household furnishings, two automobiles, some stocks and bonds and insurance policies, and some accounts receivable. The equity in the home, the furnishings, the older of the two automobiles, and two thirds of the accounts receivable were awarded to the plaintiff, and the remainder of the property was awarded to the defendant. The record also shows that the defendant had collected a large part of the accounts receivable during the pendency of the action, and had disposed of the proceeds. It was this fact which inspired the court to award more than half of the remaining accounts to the plaintiff. Also the court was entitled to consider the fact that the property awarded the plaintiff would be used for the benefit of the three children of the parties. To have awarded 50 per cent of the property to the defendant would not have been a just and equitable distribution. We find no abuse of discretion in the division of the property.

The objection to the award of alimony is based upon the defendant's contention that the plaintiff was capable of earning money. As the trial court observed in making its determination that the plaintiff should receive alimony, the eldest of the children was 6 years old at the time of the trial and it would be unreasonable to expect the mother to take a job and leave the children in the care of a baby sitter or a housekeeper. In limiting the award of $75 a month alimony to a period of 3 years, the court took into consideration the prospect that the mother could seek employment when the youngest child entered school.

The evidence supports the trial court's finding that the defendant, a young lawyer, was capable of earning $750 and more a month; and the facts found show that the plaintiff was in need of alimony. Seventy-five dollars a month was not an unreasonable amount.

The criterion adopted by this court for the allowance of alimony includes two factors: (1) the necessities

of the wife, and (2) the financial ability of the husband. *Morgan v. Morgan,* 59 Wn. (2d) 639, 369 P. (2d) 516. The amount which the trial court decreed the defendant should pay was not in excess of the plaintiff's needs or the defendant's ability to pay.

■ Error is also assigned to the trial court's allowance of attorneys' fees to the plaintiff on this appeal. In exercising its discretion in the allowance of attorneys' fees and costs, the trial court must base its decision upon the need of the one requesting them and the ability of the other to pay. *Ovens v. Ovens,* 61 Wn. (2d) 6, 376 P. (2d) 839. The defendant contends that the plaintiff was financially able to pay her own fees for resisting this appeal, out of the property awarded to her. On the contrary, the record shows that the property awarded the plaintiff and the support money for herself and the children are barely sufficient to sustain them.

We find no abuse of discretion on the part of the trial court.

The judgment is affirmed.

OTT, C. J., HILL, HUNTER, and HALE, JJ., concur.

June 19, 1964. Petition for rehearing denied.