[No. 39806.    Department Two.    April 25, 1968.]

BETTY THOREN, *Respondent*, v. FLOYD THOREN, *Appellant*.*

*John F. Raymond,* for appellant.

*Warren Hardy,* for respondent.

PER CURIAM.—Respondent, Betty Thoren, sought a decree of divorce from her husband, appellant Floyd Thoren. As grounds she alleged cruel treatment and personal indignities rendering life burdensome. She sought custody of the parties' three minor children as well as a division of the community property. Appellant denied his wife had grounds for divorce and, in turn, counterclaimed for a divorce and custody of the children.

Following trial, the court granted both parties a divorce. Custody of the children was awarded to respondent as was a substantial portion of the limited amount of community property. Appellant asks this court to reverse and/or modify the custody and property dispositions.

*Reported in 440 P.2d 182.

■ We approach appellant's contentions in this divorce action with an eye upon the tenet that this court will not substitute its judgment for that of the trial court in questions of child custody and property division unless we are persuaded that the trial court has manifestly abused the broad discretion vested in it. And, this tenet prevails whether we tend to incidentally agree or disagree with the trial court's determinations. *Clark v. Clark*, 72 Wn.2d 487, 433 P.2d 687 (1967), and cases cited therein.

With respect to the custody provisions of the decree, it is appellant's contention that the evidence adduced concerning alleged indiscretions by respondent with another man establishes her unfitness to be custodian of the children. Respondent, although admitting an association with another man, denied the intimacies charged and accused appellant of publicly, frequently, and falsely accusing her of adultery. The trial court, with the parties before it, carefully evaluated and weighed the evidence revolving about the charges and countercharges between the parties and found appellant's accusations of respondent's infidelity unpersuasive and respondent's replication concerning appellant's predivorce conduct credible. Against this background, although with an air of reluctance, the trial court found respondent to be a fit and proper custodian for the children.

Without further detailing the evidence, which we deem would serve no useful purpose, we are satisfied that appellant has failed to demonstrate any manifest abuse of discretion on the part of the trial court in its disposition of the custody issue. On the contrary, we are convinced that, as matters stood at the conclusion of the evidence and immediately following trial, the trial court, faced with rather a bizarre factual situation, exercised the discretion vested in it fairly and judiciously. If circumstances have intervened since the entry of the decree and during the pendency of this appeal which would warrant any modification or alteration of the custody provisions, that door is open to appellant by proper petition in the trial court.

Appellant's challenge of the property division turns upon a disparity in values between the portion of the community

property awarded to respondent and that awarded to appellant. This disparity primarily arises out of the trial court's action in decreeing that respondent should have the modest home and household furnishings acquired by the parties during the course of their marriage. Since respondent was granted custody of the children, we find no abuse of discretion in this respect. In fact, by way of a schedule of property attached to a pretrial affidavit appellant urged that the home and household equipment be awarded to the party granted custody of the children.

The appellant also alludes to a disparity in the division of the bank and savings accounts maintained by the parties. Here again we find no manifest abuse of discretion on the part of the trial court. The principal responsibility of housing, feeding, clothing, educating, and caring for the children was placed with respondent by the custody award. The support payments required of appellant were not great and under normal circumstances will not fulfill the average financial requirements of three growing children. Furthermore, the liability for outstanding bills and the projected cost of an anticipated medical expenditure for one of the children were equitably prorated between the parties. Respondent was also required to pay her own attorney fees and costs in this action.

All circumstances being considered, we conclude that the property division was reasonable.

The judgment is affirmed.