[No. 40146.    Department One.    August 15, 1968.]

SALLY P. BARSTAD, *Petitioner,* v. PETER S. BARSTAD, *Respondent.*\*

*John L. Vogel,* for petitioner.

*L. William Houger* (of *Houger, Garvey & Schubert*), for respondent.

\*Reported in 444 P.2d 691.

HALE, J.—The trial court in a divorce decree gave petitioner custody of her young daughter, Tanya; since then, postdivorce proceedings have been stormy, protracted and expensive. Petitioner, on writ of certiorari, now seeks review of the superior court's order dismissing her petition for modification which denied her restoration of custody and awarded her former husband judgment for costs and attorney's fees in the amount of $1,757.65, and made payment thereof a condition precedent to her bringing "any future suits for change of custody."

December 20, 1965, the Superior Court for King County granted Sally Barstad, as plaintiff, a divorce and awarded her "sole care, custody and control of the minor child of the parties" with provision that Peter Barstad, the father, could have the child with him on alternate weekends, alternate holidays and during his vacations. Defendant father was to pay $80 per month to petitioner for support of the child. The decree contained no reference whatever concerning removal of the child from the state of Washington.

In August, 1966, petitioner told her former husband that she had decided to move to San Francisco, California, to live with her mother and intended to take the child with her. Defendant thereupon served on petitioner before she left for California an ex parte order restraining her temporarily from taking the child from the state pending a hearing on defendant's petition to modify the decree.

December 5, 1966, the superior court, after a hearing in which plaintiff appeared neither personally nor through counsel, entered an order modifying the original decree of divorce. This order awarded defendant sole care and custody of the minor child, gave plaintiff limited visitation rights at the convenience of defendant and upon 24 hours' notice and only in the home and presence of defendant.

Defendant thereupon, armed with this order awarding him custody, successfully brought habeas corpus proceedings in the Superior Court of California for San Mateo County. That court ordered the child to be turned over to defendant and declared that the father should keep the

child under the jurisdiction of the Superior Court of Washington for King County.

Peter Barstad then took the child to Tacoma where they lived with his relatives. His return was followed soon by Sally Barstad who, as a resident of Pierce County, on February 10, 1967, seeking restoration of Tanya's custody, brought a petition to modify the previous order. Thereupon Peter Barstad moved from Tacoma to Seattle with the child and filed a motion to change the venue of Sally's modification proceedings from Pierce to King County. March 7, 1967, the Superior Court for Pierce County granted the application and ordered venue moved to King County.

With the change of venue there followed a hearing on plaintiff's petition to restore custody of Tanya to her. The court left Tanya in her father's custody but modified the earlier order of modification, allowing plaintiff to have the child with her on alternate weekends. It appointed Sally Barstad's father guardian ad litem of the child and restrained both parties from removing Tanya from the jurisdiction of the court without the court's permission. Entered April 7, 1967, this order directed that plaintiff bring no further petition for change of custody before October 1, 1967.

October 5, 1967, plaintiff filed the instant petition for change of custody, and the court, after hearing on the petition, entered findings, conclusions and order. From an order denying modification and refusing her custody entered January 17, 1968, and which also imposed a judgment of $1,757.65 against her and made payment thereof terms for the right to bring further petitions for modification, plaintiff appeals.[1]

---

[1] "ORDERED, ADJUDGED AND DECREED that the defendant have judgment against the plaintiff for $1757.65, payment of which by the plaintiff is a condition to her bringing any future suits for change of custody (it is expressly cautioned, however, that the court does not mean to indicate by this provision that it approves of any further suits for modification by the plaintiff even if the full $1757.65 is paid.); and it is further

"ORDERED that custody of Tanya Gail Barstad shall remain with the defendant Peter S. Barstad."

■■ Problems involving the custody of small children in divorce cases are usually best solved by the superior court and that court's decision will not be disturbed except where an abuse of discretion has been shown. Of course, the primary consideration governing the court's determination must be the welfare and best interests of the child. *Applegate v. Applegate*, 53 Wn.2d 635, 335 P.2d 595 (1959). It is quite possible that the evidence may clearly establish that the child's best interests and welfare require that the custody be placed in the father. *Munroe v. Munroe*, 49 Wn.2d 453, 302 P.2d 961 (1956). In determining custody, all facts and circumstances affecting the child's interests should be considered by the trial court, including the age and sex of the child, character and emotional traits of the spouses, physical care and moral and emotional environment to be provided the child by the respective parents, and such other factors as may reasonably bear upon the child's welfare. *Silverton v. Silverton*, 71 Wn.2d 276, 427 P.2d 1001 (1967). The same considerations control the decision in modification proceedings except that modification does not lie unless based on substantial changes which have occurred since the divorce or last order of modification in the conditions and circumstances of the parties directly affecting the child's best interests and welfare. Understandably, courts are reluctant to deprive a mother of the custody of young children. *Horen v. Horen*, 73 Wn.2d 455, 438 P.2d 857 (1968).

Thus, where there has been substantial proof of changed conditions and circumstances affecting the best interests and welfare of the child or want of such proof, the Supreme Court will not substitute its judgment for that of the trial court in granting or denying modification of child custody unless it appears from the whole record that the court has abused its discretion. *Thoren v. Thoren*, 73 Wn.2d 671, 440 P.2d 182 (1968). Our review of this record fails to show an abuse of discretion in denying restoration of custody to the plaintiff.

We next consider the assignment of error directed to the court's awarding defendant judgment in the sum of

$1,757.65 against plaintiff for his costs and expenses reasonably incurred by him in the habeas corpus proceeding in California.[2]

Defendant relies in some degree on the concept that the judgment and terms imposed upon plaintiff were in the nature of a redress as for a contempt and that plaintiff's conduct in removing the child to California and refusing thereafter to surrender the child to defendant in accordance with the modification order of December 5, 1966, amounted to a contempt. Under the holding of *Keller v. Keller*, 52 Wn.2d 84, 323 P.2d 231 (1958), and RCW 7.20.010, defendant contends the court had discretion to impose both the judgment and conditions in order to give defendant redress for the expenses and costs incurred by him in California as a direct result of plaintiff's removal of the child to California in violation of the ex parte restraining order issued pendente lite. We find neither the *Keller* case nor the statute cited to be applicable here. Defendant also relies on the provision of RCW 26.08.190, which states:

> In any proceeding for the enforcement or modification of any order pendente lite, decree of divorce, separate maintenance or annulment, or any order entered subsequent to the entry of such decree, the court, may, in its discretion, award attorneys' fees and costs to either party.

As to the claim of contempt, we are of the opinion that the habeas corpus proceeding in California was not the equivalent of a contempt; nor was a contempt found expressly or by implication in that proceeding against the mother for taking her child to California. The original decree of divorce awarded plaintiff custody without requiring her to keep the child within the state of Washington. In taking the child to California, she thus did not violate the decree but rather the terms of an ex parte restraining order subsequently issued pendente lite, and no contempt proceeding based upon that order was instituted against her. Findings of fact and conclusions of law supporting the

[2]*See* n. 1, *supra.*

order denying Sally Barstad's petition and imposing the terms and judgment now under review do not indicate that a contempt on her part was an issue in the case. Before she could be held for a contumacious disobedience of the court's orders, she would be entitled to notice that her alleged contempt was an issue to be determined. Accordingly, we can see no basis for holding that the taking of the child to California was conduct tantamount to a contempt or that defendant was thus entitled to redress as for a contempt in the instant proceedings.

Aside from the matter of contempt, the trial court believed that full redress to the defendant required the plaintiff to reimburse defendant for his reasonable expenses in successfully prosecuting the habeas corpus proceeding in California. Describing the costs and attorneys' fees in issue, the court's finding said: "The defendant incurred costs and attorneys' fees in that California action in the sum of $1,757.65" and added that the plaintiff is "able to pay the $1757.65 and the defendant has shown a need for this sum."

■ Allowance of costs and expenses, suit money in advance of trial, and attorneys' fees in divorce and modification proceedings are matters addressed to the sound discretion of the trial court. In exercising its discretion, the court must base its decision on the need of the party requesting them and the ability of the other to pay. *McNair v. McNair*, 64 Wn.2d 283, 391 P.2d 549 (1964); *Christopher v. Christopher*, 62 Wn.2d 82, 381 P.2d 115 (1963). There is nothing in the record before us to show that, in awarding defendant in the instant case his costs, expenses and attorneys' fees incurred in the California habeas corpus proceeding, the court based its decision upon these considerations. What the record does show is that the court simply sought to grant judgment to the prevailing party in the instant cause for actual costs and expenses incurred in a related but separate action elsewhere. Our system does not allow such costs and attorneys' fees; it provides only nominal reimbursement for costs and attorneys' fees by statute (RCW 4.84.080) in divorce and modification unless they are allow-

able under RCW 26.08.190 and supported by a proper showing of need and ability to pay.

The cause will be remanded to affirm the order modifying the decree except that the judgment in the sum of $1,757.65 and the terms accompanying it all as set forth in the next to last paragraph, page 2, of the decree of 17 January 1968, shall be stricken and vacated.

FINLEY, C. J., WEAVER and McGOVERN, JJ., and DONWORTH, J. Pro Tem., concur.