[No. 29-40204-1.     Division One.     December 22, 1969.]
Panel 1

ELIZABETH JOHNSON, *Respondent and Cross-appellant,* v. ROGER H. JOHNSON, *Appellant.*

*Lee, Carney & Smart* and *Nelson T. Lee,* for appellant.
*Ronald W. Meier,* for respondent.

FARRIS, J.—Defendant-appellant Dr. Roger H. Johnson, and plaintiff-respondent (and cross-appellant) Elizabeth Johnson, were married on July 27, 1940.

The decree of divorce which is the basis of this action was entered on August 23, 1960. During the marital union, three sons were born to the parties; Roger, Jr., on October 31, 1946, Trygve Newell on January 7, 1948, and Casey on April 25, 1950.

The decree of divorce provided at length for a division of the community property of the parties, for alimony and for the custody and support of their children. Pursuant to the decree, the plaintiff received a total award of approximately $215,000 (including her separate property of $51,000). Plaintiff was also awarded alimony in the sum of $2,683.37 payable immediately after entry of the decree, and thereafter at the rate of $500 per month until defendant was no longer required to pay child support, or until plaintiff's death or remarriage, or until further order of the court. Plaintiff was awarded custody of the three children, subject to specified visitation rights of defendant. Defendant was ordered to pay the plaintiff for support of each child $183.37 immediately following the entry of the divorce decree and $166.67 per month thereafter until each reached majority, or until further order of the court. Defendant has made all support and alimony payments in compliance with the decree.

Plaintiff's net worth had increased to approximately $400,000 at the time of the modification hearing.

Defendant has a net worth in excess of $500,000. He works long hours and has a taxable income that exceeds $75,000 per year. Respondent has a degree in political science from the University of Wisconsin and she took some courses in law school. She has also completed a 6-month business course in stenographic skills. She enjoys good health and there is no physical reason why she cannot work although she worked very little during the marriage and

has not worked since the divorce. Neither party has remarried.

At the time of the modification hearing, Roger, Jr., had approximately $4,000 cash, Trygve had approximately $3,000 and Casey had approximately $4,000.

The plaintiff petitioned the court for an increase in monthly alimony, an increase in monthly child support, and for payment of certain expenses (including the boys' college expenses and reasonable attorney's fees). The defendant sought a termination of the alimony and an adjustment of the support obligation. He resisted any liability for plaintiff's expenses. The trial court denied the wife's requests for increases in the alimony and child support but ordered them to be continued in the same amount. In addition, the defendant was ordered to pay the total educational expenses of the boys and reasonable attorney's fees for the wife in the amount of $2,000.

The defendant has appealed the court's order as to alimony, child support, educational expenses and payment of attorney's fees. The plaintiff has cross-appealed from that portion of the judgment denying her reimbursement for educational expenses.

■ The appellant failed to comply with Court of Appeals Rule on Appeal 43, RCW vol. 0, in that he failed to set out verbatim the findings of fact of the trial court in his brief. He has moved for leave to amend his brief on the basis that the error was the result of the youth and inexperience of his counsel. We believe that youth and inexperience of counsel is a reason to read the rules on appeal rather than an excuse for the failure to read them.

■ The Supreme Court in *Paulson v. Higgins*, 43 Wn.2d 81, 83, 260 P.2d 318, 266 P.2d 800 (1953) was presented with a motion to amend. The court, in denying the motion, stated:

We must either enforce the rule or abandon it. Its necessity has a long background of experience, and it was

promulgated in aid of expeditious and orderly appellate procedure."

.  .  .

If there is to be a rule, there must be a point at which failure to comply therewith can no longer be corrected. That point is the filing of respondent's brief.

The failure of appellant to amend prior to the filing of respondent's brief defeats his motion. The findings of fact of the trial court are the established facts of the case.

The defendant assigns as error, the trial court's conclusion that he should continue to pay alimony to the plaintiff in the sum of $500 per month. This conclusion is based upon findings of fact 26 and 29 as follows:

Plaintiff is fifty years of age. Since the birth of the eldest child she has devoted her entire time to raising the children and maintaining a home. Casey needs supervision and the other two boys need supervision when they return home from college at various times during the year. Plaintiff is not in a position to be gainfully employed and will not be in that position until all three children are emancipated. She has no present skills which enable her to compete in the labor market.

.  .  .

There has been no change of condition since the entry of the decree of divorce which pertain to the strictly personal living expenses of the plaintiff. So far as she is concerned, the situation is the same as it was when the decree of divorce was entered.

Upon these findings, the order of the trial court continuing alimony payment to the plaintiff, must be affirmed. *Gordon v. Gordon*, 44 Wn.2d 222, 266 P.2d 786 (1954).

There was no error in ordering the defendant to pay the portal to portal educational expenses of his three sons. This is, in effect, an increase in support payments for the boys. The record indicates that the expenses are reasonable. The defendant has sufficient income to cover them. While we might have ordered a wife with substantial assets to contribute to those expenses, the failure of the trial court to do so, under the particular facts of this case, is not an abuse of discretion.

■■ It was error to continue the payment of $166.67 per month support for Trygve Newell Johnson and Casey Johnson while they were away in college *in addition* to the portal to portal college expenses and the $500 per month alimony. We do not quarrel with the trial court's finding of fact that the house must be maintained while the boys are away. However, the portal to portal college expenses cover any expense that each child may incur while away at school:

> Considering the relative situations of plaintiff and defendant, it should be the responsibility of defendant to pay all the educational expenses of Trygve Newell Johnson and Casey Johnson. This should be "portal to portal" and should include the responsibility for all the educational expenses as defined in Finding of Fact XXVIII. It should include all educational expenses at Menlo College, Stanford University and any other school above high school attended by either of them. It should include all expenses from the time each of them leaves Mercer Island until the moment he gets back. If the defendant desires, the dividends from Cobb Optical Center, Inc., should be made available to him to apply upon these educational expenses. The right to receive the funds from Cobb Optical Center, Inc., should include the right to receive the sum of $1,250.00 which was heretofore paid for Casey in the fashion described in Findings of Fact XIX and XXI.

Conclusions of law 2. The effect then, of continuing the $166.67 monthly payment to the plaintiff while these expenses are paid is to increase alimony payments to her. This is an abuse of discretion and error in light of the trial court's specific finding that "So far as she is concerned, the situation is the same as it was when the decree of divorce was entered." (Findings of fact 29.) Unless there is a change in circumstances, it is error to modify the alimony award. *Gordon v. Gordon, supra*. That portion of the order continuing monthly payments of $166.67 to the plaintiff during the period of time that college expenses are paid by defendant pursuant to conclusion of law 2, is void and of no force or

effect. Such payments as were made for Casey and Trygve in addition to the payments for portal to portal college expenses during the 9-month school year, pursuant to the order on modification is a credit to the defendant against his future alimony payments to the plaintiff.

■ It was error for the trial court to order the defendant to pay $2,000 to plaintiff's attorney for fees. The defendant has a substantial net worth. The payment of attorney's fees is not a right of one former spouse against the other. *Mosher v. Mosher*, 25 Wn.2d 778, 172 P.2d 259 (1946). The divorce terminated any obligation to support such litigation. Attorney fees to a former spouse should, with reasonable exceptions, be awarded upon a showing of need. Need in this sense does not necessarily mean destitution or poverty but it does mean an absence of funds and a lack of ability to get them without extreme hardship. Even when these requirements are met there is no absolute right to the award. It should be granted in the discretion of the trial court if the other has the ability to pay. See *McNair v. McNair*, 64 Wn.2d 283, 391 P.2d 549 (1964). We are not prepared to say that a spouse with assets can never recover attorney's fees, but under the particular facts of this case it was an abuse of discretion to grant attorney's fees to the plaintiff. That portion of the order awarding attorney's fees of $2,000 to the plaintiff is set aside and held for naught.

Plaintiff contends, in support of the award of attorney's fees, that she initiated this action as trustee for the minor children to enforce their rights under the divorce decree. This contention is novel but not persuasive. The record does not reveal the requisite factual pattern to support that theory.

The trial court properly refused to enforce the agreement of the defendant to pay the educational expenses of the boys in consideration of the plaintiff not seeking a formal modification of the divorce decree. The consideration for the defendant's promise to pay was the plaintiff's forebearance to initiate a formal modification proceeding. The contract was silent as to how long the plaintiff should refrain

from initiating the action. In the usual situation of this kind, the party who threatens legal action withholds action on the threat so long as the payment for forebearance is satisfactory. The plaintiff followed the usual pattern. She did not initiate this action until she was dissatisfied with the payment received. When she brought action to modify the divorce decree instead of an action for breach of contract there was a failure of consideration which was sufficient to defeat any action for damages for breach of contract. Had the plaintiff initiated an action for breach of contract, instead of bringing this action, the court would have been presented with the question of whether the contract was in violation of public policy. Under these particular facts, that question did not arise.

The action of the trial court is affirmed in part and reversed in part. Neither party should recover costs.

JAMES, C. J., and SWANSON, J., concur.