[No. 799-1. Division One—Panel 1. December 20, 1971.]

ELEANOR D. COONS, *Respondent and Cross-appellant,* v. CURTIS H. COONS, *Appellant.*

*Shiers, Kruse & Roper* and *Frank A. Shiers*, for appellant.

*Hullin, Roberts, Mines, Fite & Riveland* and *Michael Mines*, for respondent and cross-appellant.

HOROWITZ, C.J.—Defendant husband filed a petition seeking relief from the alimony provisions of the divorce decree previously entered in favor of the plaintiff wife. His petition for relief was denied and the wife was awarded part of her attorney's fees. Petitioner appeals. Respondent wife has cross-appealed for additional attorney's fees for the trial and has filed a motion for attorney's fees on appeal. For convenience, petitioner husband and respondent wife will be referred to, respectively, as husband or wife, as the case may be.

The parties were married in 1940. In September 1967 they were divorced following a hearing in a noncontested suit brought by the wife. At that time the three children of the parties had attained their majority. During the marriage the wife worked as a part-time bookkeeper at a salary of $150 per month, and, following the divorce, continued in that employment.

The divorce decree, concerning alimony, provides:

> IT IS FURTHER . . . DECREED that the defendant shall be required to pay the plaintiff the sum of $400.00 per month as alimony until plaintiff remarries or accepts employment, and if said employment does not net plaintiff $400.00 per month, defendant shall be required to pay the difference to make up the $400.00.

For approximately 2 years following the divorce, while the wife continued in her part-time employment, the hus-

band paid alimony of $400 per month. The husband, under the erroneous impression that the wife was receiving a salary of $175 per month rather than $150 she actually received, concluded that he was entitled to credit on the alimony payment in the amount of $175 per month. To protect this claimed credit but without court order, he reduced the monthly alimony payment by $175 and paid that sum into the registry of the court. At the same time, he petitioned the court either to construe the alimony paragraph of the decree to permit the offset claimed or, alternatively, to eliminate alimony altogether, based on change of financial circumstances subsequent to the decree. The change claimed was the wife's increased investment income and unwillingness to seek full-time employment of which she was capable. The wife prevailed below and this appeal and cross-appeal followed.

■ Petitioner claims the court below erred concerning the proper amount of alimony to be paid, or alternatively, the refusal to terminate alimony, and the allowance of the partial attorney's fees to the wife. We must affirm the decree on the husband's appeal, however, because the findings claimed to be erroneous are not set out in his appellant's brief, thus precluding our reviewing the sufficiency of the evidence to support the findings. CAROA 43. Petitioner has attempted to remedy this defect by setting out the objected-to findings in his reply brief. This attempt does not comply with the rule, does not accomplish the purposes of CAROA 43, and is insufficient. *Johnson v. Johnson*, 1 Wn. App. 527, 462 P.2d 956 (1969); *State ex rel. Bain v. Clallam County Bd. of County Comm'rs*, 77 Wn.2d 542, 463 P.2d 617 (1970).

The findings not being reviewable, we must treat them as verities. So treated they support the trial court's conclusions and judgment.

The wife's cross-appeal, based on certain findings claimed to be erroneous, attacks the adequacy of the partial award of $500 for her attorney's fees below. The award appears to be predicated on the basis of the wife's financial need in

order to enable her to efficiently prepare for and conduct the trial below, and thus not deprive her of her day in court. *See Malfait v. Malfait*, 54 Wn.2d 413, 341 P.2d 154 (1959). Finding 13, dealing with the award, explains:

The plaintiff has approximately $6700 in savings and checking accounts. The income of the plaintiff respondent is approximately 25% of the income of the defendant petitioner; that on a comparative basis she is not able to pay her attorney's fees in their totality . . .

The court explained the award in these words:

[T]hough she does have some income [about $7,800 per year], . . . the income . . . is necessary for the maintenance of her normal way of life in the maintenance of her home, her usual and necessary expenses, which are primarily food, clothing, and shelter, and that on a comparative basis she is not able to pay her own attorney fees in a matter such as this, which is a petition for modification of a divorce decree with the attendant circumstances that funds to which she was entitled by this court's present ruling were withheld from her, thus resulting in a reduction of her income immediately prior to the hearing to the extent of $150.00 or $175.00 per month. Therefore, the court's ruling is that she is entitled to attorney fees.

■■ There is no longer any doubt that the financial need of the wife and the husband's ability to pay have long been primary factors in determining whether attorney's fees should be allowed to the wife in divorce or modification proceedings. Hence, in the absence of a showing of need, attorney's fees will be disallowed. *Koon v. Koon*, 50 Wn.2d 577, 313 P.2d 369 (1957). *See also* cases cited in the margin.[1] As stated in *Johnson v. Johnson*, 1 Wn. App. 527, 532, 462 P.2d 956 (1969):

Need in this sense does not necessarily mean destitution or poverty but it does mean an absence of funds and a lack of ability to get them without extreme hardship.

---

[1]*Callan v. Callan*, 2 Wn. App. 446, 468 P.2d 456 (1970); *Stromberg v. Stromberg*, 2 Wn. App. 76, 467 P.2d 348 (1970); *Johnson v. Johnson*, 1 Wn. App. 527, 462 P.2d 956 (1969); *Barstad v. Barstad*, 74 Wn.2d 295, 444 P.2d 691 (1968); *Roberts v. Roberts*, 69 Wn.2d 863, 420 P.2d 864 (1966); *Bryant v. Bryant*, 68 Wn.2d 97, 411 P.2d 428 (1966); *McNair v. McNair*, 64 Wn.2d 283, 391 P.2d 549 (1964); *Christopher v. Christopher*,

In exceptional cases, it is true, factors other than need have been considered as justifying an award. Thus, attorney's fee allowances have been authorized or upheld in divorce proceedings when the husband has engaged in improper trial tactics, needlessly increasing the expense of the proceedings. *Gamache v. Gamache,* 66 Wn.2d 822, 409 P.2d 859 (1965); *Fleckenstein v. Fleckenstein,* 59 Wn.2d 131, 366 P.2d 688 (1961); *Eide v. Eide,* 1 Wn. App. 440, 462 P.2d 562 (1969). Sometimes in the original divorce proceedings a partial attorney's fee has been allowed by the trial court notwithstanding a substantial property award to the wife. Presumably the allowance is made because of need; and on appeal based on the inadequacy of the award a larger award has been disallowed in the absence of a showing of need therefor, even though a larger attorney's fee was in fact incurred. *Mayo v. Mayo,* 75 Wn.2d 36, 448 P.2d 926 (1968). In other cases the wife's need for attorney's fees at the time of original application therefor has been assumed, the error claimed being based on the amount of the award, rather than the propriety thereof, even though it appears that the wife's need could be fully met from the assets awarded to her by the decree under RCW 26.08.110. *Abel v. Abel,* 47 Wn.2d 816, 819, 289 P.2d 724 (1955). *See Friedlander v. Friedlander,* 58 Wn.2d 288, 362 P.2d 352 (1961). It is not claimed that the husband was guilty of the kind of dilatory tactics found in *Gamache v. Gamache, supra, Fleckenstein v. Fleckenstein, supra,* or *Eide v. Eide, supra,* nor did the court below hold or find that the petitioner was guilty of bad faith by his conduct in occasioning and bringing the litigation. The court, in his oral opinion, stated "the issues here are legitimate issues" and "properly raised," and "not frivolous in any sense." It is apparent from finding 13, however, that in determining

---

62 Wn.2d 82, 381 P.2d 115 (1963); *Meeks v. Meeks,* 61 Wn.2d 697, 379 P.2d 982 (1963); *Moore v. Moore,* 60 Wn.2d 62, 371 P.2d 630 (1962); *Bang v. Bang,* 57 Wn.2d 602, 358 P.2d 960 (1961); *Malfait v. Malfait,* 54 Wn.2d 413, 341 P.2d 154 (1959); *Johnson v. Johnson,* 53 Wn.2d 107, 330 P.2d 1075 (1958); *Gibson v. Von Olnhausen,* 43 Wn.2d 803, 263 P.2d 954 (1953).

the existence of the wife's need "on a comparative basis," the court compared the relative income of the husband and the wife. We do not believe that such a comparison for the purpose used is a proper consideration. The mere fact that the husband makes substantially more than the wife may establish his ability to pay, but does not in itself show that the wife is without resources sufficient to properly prepare and conduct her suit. Such a financial need must be otherwise established. *See Henderson v. Henderson*, 104 Colo. 325, 90 P.2d 968 (1939), which, although involving an attorney's fee allowance pendente lite in a divorce suit brought by the wife, discusses the principle applicable on the issue of need.

■ In the instant case, had the court eliminated the comparative basis theory on which it relied, it may be doubted whether the court would have made the allowance it did and possibly any allowance at all. The evidence showed the wife had substantial capital assets. The court stated she had an annual income of about $7,800 per year. The court further found she had savings and checking accounts in the sum of "approximately $6700." The evidence showed the precise amount was $7,069. Furthermore, the court made a finding that the wife "has made no effort to seek employment nor does she intend to do so as long as she receives alimony payments." Finding 7. We cannot say on this record that the court's exercise of discretion in making an allowance was "clearly untenable or manifestly unreasonable" when the court might properly have made either an allowance less than the one it did, or no allowance at all. *Abel v. Abel, supra* at 819. *See Moore v. Moore*, 60 Wn.2d 62, 371 P.2d 630 (1962).

We have examined the findings to which respondent wife takes exception, but, with one exception, find the findings supported by material and substantial evidence and reasonable inferences therefrom. However, lest res judicata effect be given to finding 11 in an erroneous sense, we state that we have construed the finding that the wife receives "approximately $150.00 per month clear of expenses arising

out of the purchase by her and operation of an apartment house" as meaning merely that the wife receives no more than the approximate amount stated. No doubt had insurance premiums, taxes of approximately $30 per month, and the cost of possible emergency repairs exceeding the reserve for repairs set up by the wife, been deducted, the amount remaining would have been less than the $150 stated in the finding. Nevertheless, even with the deductions stated, the evidence supports the statement in finding 11 that "the financial condition of the parties has improved."

The wife has moved this court for an allowance of attorney's fees in successfully resisting this appeal. No doubt, upon a proper showing, this court has authority to make such an allowance or to remand this case to the court below for that purpose. See *Rentel v. Rentel*, 39 Wn.2d 729, 238 P.2d 389 (1951); *Fleckenstein v. Fleckenstein, supra.* The fact that the wife has been successful on the husband's appeal does not control. When the husband has the ability to pay, the wife must still show her financial need for attorney's fees to enable her to efficiently conduct her appeal, or show the existence of other special reasons such as those above discussed that call for the exercise of discretion in her favor. Furthermore, if the need exists because of an unjustified refusal by the wife to obtain available employment of which she is capable, that fact would hardly be one in her favor in making an application for such an award. The analogous rule in alimony cases is similar. See *Turner v. Turner*, 75 Wn.2d 33, 448 P.2d 941 (1968); *Lockhart v. Lockhart*, 145 Wash. 210, 259 P. 385 (1927); *Crosby v. Crosby*, 182 Va. 461, 29 S.E.2d 241 (1944); Annot., 18 A.L.R.2d 10, § 21 (1951). In the instant case there has been no showing that the husband has not pursued this appeal in good faith. Furthermore, just as the trial court cannot properly consider the respective incomes of the parties on a comparative basis in determining whether the wife is in financial need of an attorney's fee allowance, so we cannot consider that matter in passing on the motion for attorney's

fees on appeal. No financial need having been shown, beyond what is already in the record before us, and no other factor entitling the respondent wife to an award having been made to appear, the motion must be denied.

The judgment is affirmed, both on the appeal and cross-appeal, and the wife's motion for attorney's fees on appeal is denied. Each party will bear his or her own costs on appeal.

UTTER and WILLIAMS, JJ., concur.

Petition for rehearing denied January 19, 1972.